87   587
28a 597
87   587
136   49
87   587
150   594

## THE CITY OF MORRISON

*v.*

## HORACE HINKSON.

1. DEDICATION—*may be for various purposes.* Property may be dedicated to the public for a great variety of purposes. It may be for the purposes of a street, for pleasure grounds, for burial purposes, or for the location of water works.

2. SAME—*person buying lot takes subject to.* Where a person buys a city lot bordering upon a tract of land set apart or dedicated to any public use, he takes it subject to all the annoyances incident to the use of the property for the purpose of the dedication, no matter how disagreeable they may be.

3. MUNICIPAL CORPORATION—*when liable for using street for a water tank.* The erection of a water tank in the center of a street, occupying one-half of the width thereof, and the erection and operation of a steam engine in connection therewith, even for the purpose of supplying the city and its residents with water, is not an use for which the street can appropriately be put, and the owner of a lot adjoining does not take subject to any such easement, and may maintain an action to recover for any damages done to his property in consequence of such erection.

4. REMEDY—*when by indictment, and when by civil action.* Where the sole cause of complaint is, that an unauthorized erection in a street causes an obstruction of the highway, the remedy is by indictment for the nuisance, but when special damage is sustained in consequence thereof, the injured party's remedy is by civil action.

5. EVIDENCE—*of title.* Proof of possession claiming title in fee is *prima facie* evidence of such title.

6. EXECUTION—*against city, is error.* Under our laws no execution can lawfully be issued against the property of a city. In rendering judgment against a city it is error to award an execution.

APPEAL from the Circuit Court of Whiteside county; the Hon. W. W. HEATON, Judge, presiding.

Mr. O. F. WOODRUFF, for the appellant.

Mr. C. J. JOHNSON, and Mr. IRA O. WILKINSON, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is an action brought by appellee against appellant, for injuries to his residence, situated on ground adjoining a street, in which appellant has erected near to the residence, and operated by steam, water works for raising water for the use of the city, by which the use of the property of plaintiff was rendered less valuable, and the value of the property impaired.

Appellee, being the owner of the ground adjoining the street, built his residence thereon several years before the city commenced the construction of these works, and occupied the same with his family and still continues to live there. In 1873, the city erected in the street a water tank 30 feet in diameter. This tank gave way and did plaintiff some damage, which was adjusted and paid by the city. In 1874 the city rebuilt the tank, and put in a steam engine and thereby operated a pump. The works are located about 40 feet from plaintiff's house, and some 15 to 20 feet from the line of his grounds. By the use of this engine (especially when the wind is in the east) smoke and soot are cast in and upon the residence to such a degree as to interfere seriously and materially with the comfort of the occupants, and so as to injure and impair the value of the property. In the circuit court the verdict and judgment were for the plaintiff, and defendant appeals.

Appellant first insists, that, "owning the fee to the public

streets in the city," appellant is not confined to the mere right to pass over and upon them, * * * but had lawful right to erect and operate these works, without responsibility to the adjoining proprietor for any injury necessarily resulting therefrom.

Property may be dedicated to the public for a great variety of purposes. It may be for the purposes of a street; it may be for pleasure grounds; it may be for burial purposes; it may be for the location of water works.

Where a person buys a city lot bordering upon a tract of ground set apart or dedicated to any public use, he takes it subject to all the annoyances incident to the use of the property for the purpose of the dedication. If his lot borders upon a tract set apart for a place of burial, no matter how disagreeable it may be to live in such position, he takes it subject to that disadvantage. If he buys his lot adjoining a street, he takes it subject to the right of the public to use the street for all the appropriate purposes of a street. And this is so, whether the fee of the street be in the municipal corporation, or in the State, or in the adjoining proprietor; for the fee in such case is held for the use of the public as a street with all of its incidents.

But it is not conceived that the erection of a water tank in the centre of the street, occupying one-half of the width thereof, and the erection and operation of a steam engine in connection therewith, even for the purpose of supplying the city and the residents thereof with water, is one of the uses of a street as such, for which the ground may be appropriately used under a dedication thereof as a street. The owner of a lot adjoining a street does not take the same subject to any such easement. In this case the proofs do not show in whom the fee of the street is vested. It is plain that the plaintiff in this action, upon the conceded facts of the case, is entitled to damages for the injury his property has suffered.

It is insisted that the grievance must be redressed, if grievance it be, by a public prosecution, and not by a private

action.   If the sole cause of complaint consisted in the obstruction of the highway, where the plaintiff had suffered no special damages from the obstruction, this doctrine might be invoked, but it has no application to the case here presented.

The position of appellant, that appellee did not prove title, is not tenable.   Proof of possession claiming title in fee, is *prima facie* proof of such title.

The declaration we think sufficiently specific as to the injury complained of.

It was error, however, to award an execution against appellant. No execution can, under our laws, be lawfully issued against the property of a city.   The judgment of the circuit court awarding an execution is reversed, and in all other respects the judgment is affirmed, and the cause must be remanded, that the judgment so modified may be enforced according to law. Each party must pay his own costs in this court.

*Judgment affirmed in part, and in part reversed.*