[Forney v. Calhoun County.]

# Forney *v.* Calhoun County.

*Bill in Equity to Enjoin Action of Ejectment.*

1. *Dedication may be oral or written, express or implied.*—A dedication of land for public use may be made in writing, or orally; it may be express or implied; it may be by a single act, or a series of acts indicative of the owner's intention. The act of dedication, especially if verbal and single, must be clear unequivocal and satisfactorily proved.

2. *Dedication by parol; estoppel; joint-tenancy.*—Defendant by parol declarations dedicated his undivided interest in certain land to public use as a site for a county court-house. The county accepted the dedication and on faith thereof proceeded with defendants knowledge and acquiescence to erect a court-house on the premises. *Held,* that defendant was estopped to deny the validity of the dedication by reason of its resting in parol, and that tenancy in common with the county did not relieve him from the duty of objecting to the building in progress.

3. *Dedication on condition; waiver.*—Defendant dedicated his interest in certain land for public use for a site for a county court-house on condition that the building be erected in the center of the block. The county erected the court-house on one side thereof with the knowledge and without the objection of defendant. *Held,* that defendants silence was a waiver of the condition.

4. *Injunction; defective affidavit; motion to dissolve.*—A defect in an affidavit to a bill for injunction is no reason for dissolving the injunction on motion, unless complainant fails, when required by the court, to supply a sufficient verification.

APPEAL from Calhoun Chancery Court.

Heard before Hon. S. K. McSPADDEN.

The bill filed in this cause was to enjoin an action of ejectment by John H. Forney brought for certain interest in land dedicated by him to the county of Calhoun as a site for a court house. Demurrer to the bill and motion to dissolve the injunction were overruled. Decree was rendered for the complainant, county of Calhoun, and defendant appealed.

KELLY & SMITH, for appellant.—The bill alleges complainant in possession of the lot and that respondent owned one-seventh interest in it. Possession is *prima facie* evidence of title in the complainant to all the lot except one-seventh interest alleged to be in respondent, hence complainant and respondent were tenants in common, or joint owners of said property, and respondent could legally do nothing to prevent the improvement of the joint property by complainant.—Const. 1875, Art. 1, § 24; *Oliver v. Jernigan,* 46 Ala. 41; *Delany v. Walker,*

[Forney v. Calhoun County.]

9 Port. 497; *Lyon v. Powell*, 78 Ala. 351. The demurrer to the bill should have been sustained.—Pomeroy's Equity Jurisprudence, §§ 805-10, 818; Bigelow on Estopel, 4th Ed., p. 552; Sedwick & Wait on Trial of Title to Land, 2nd Ed., Sec. 843-7; *Steel v. Adams*, 21 Ala. 534; *Brant v. Virginia Coal & Iron Company*, 93 U. S. 326; *Steel v. St. Louis Smelting Company*, 106 U. S. 447; *Halso v. Seawright*, 65 Ala. 434; *Crim v. Nelms*, 78 Ala. 604; *Striplin v. Cooper*, 80 Ala. 256. The bill is without equity and should have been dismissed on motion; no dedication is clearly and unequivocally alleged The bill does not simply fail to make a clear and unequivocal allegation of a dedication, and thereby become subject to demurrer, *but it affirmatively appears from the allegations of the bill there was no clear and unequivocal manifestation on the part of the appellant to dedicate his property to a public use. Hence there is no equity in the bill upon the theory of a dedication.*—*Jones v. Cowles*, 26 Ala. 612; *Hoole & Paulin v. Att'y Gen'l*, 22 Ala. 190; *New Orleans & Selma R. R. v. Immigration Asso.*, 68 Ala. 48. Section 2 of the bill admits that complainant knew appellant owned the property. Hence complainants were not misled and there is no equity in the bill upon the theory of an equitable estoppel. See authorities cited in support of demurrers, *supra*.—*Oldin v. Gove*, 77 Am. Dec. 773. A party encouraging and inducing the payment of the purchase price for his homestead, and also executing an invalid deed thereto, is not estopped from the assertion of his title to land thus attempted to be conveyed, either at law or in equity.—*Striplin v. Cooper, supra*. Because, as in this case, the conduct of the party sought to be estopped did not deceive the other in regard to the existence or non-existence of any fact.—*Stone v. Britlon*, 22 Ala. 543; *Jones v. Cowles*, 26 Ala. 612; *Wane v. Cowles*, 24 Ala. 446; *Owen v. Slater*, 26 Ala. 547. The doctrine that where one of two innocent parties must sustain loss, it must be borne by him whose negligence caused the loss, has no application to this case, as the bill shows clearly that complainants knew appellant owned the property, and a party having notice can not be said to be innocent. Acquiescence on the part of co-tenant in the improvement of the joint property by another co-tenant will not estop him from recovering his interest in the property and improvements.—*Thirston v. Dickinson*, 46 Am. Dec. 56. A joint tenant seeing the joint property improved by co-tenant without his express consent, is not required to "kick up a fuss;" his mere silence will not preju-

[Forney v. Calhoun County.]

dice his rights. At common law improvements were allowed to be set up by defendant co-tenant in a suit to recover for mesne profits, and the rules governing such defense are considered equitable, but defense did not extend further than to defeat a recovery for mesne profits. If improvements exceeded rents, no cause of action for them.—*Hollinger v. Smith*, 4 Ala. 367; *Dozier v. Mitchell*, 65 Ala. 511; *Turnipseed v. Fitzpatrick*, 75 Ala. 297. In Alabama no allowance made a joint owner for improving the joint property beyond the rent charged against the owner making the improvements.—*Orman v. Martin*, 37 Ala. 598; *Horton v. Sledge*, 29 Ala. 478. A Court of Chancery has no jurisdiction to decree a payment of a sum of money to appellant, without his consent, for his interest in the property.—*Oliver v. Jernigan*, 46 Ala. 41; *Delany v. Walker*, 9 Porter, 497; *Lyon v. Powell*, 78 Ala. 351. The injunction should have been dissolved because bill not properly verified.—High on Inj. (2d Ed.) §§ 1567-9; *Calhoun v. Cozzens*, 3 Ala. 498; *Jacoby v. Weil*, 74 Ala. 428. On the coming in of the answer under oath denying the equities of the bill.—*Hogan v. B'k of Decatur*, 10 Ala. 486; *Barr v. Collier*, 54 Ala. 40; *East & West R. R. v. E. T. V. & G. R. R.*, 75 Ala. 275. All the allegations of the bill are upon information and belief, and bill is inconsistent in its different allegations, so no amendment could be made curing the defect in the affidavit. Allegations upon information and belief, or positive allegations sworn to upon information and belief, are not sufficient when opposed by positive and unequivocal denials of an answer, under oath.—*Jones v. Cowles*, 26 Ala. 612; *Read v. Walker*, 18 Ala. 323, 332. The bill is inconsistent, incompatible and repugnant. One theory counts on a dedication by appellant—the other upon his acquiescence in the wrongful taking of his property by appellee, a joint owner with appellant. Hence, the bill, considered as a whole, is without equity.—*Williams v. Jones*, 79 Ala. 119, and cases cited.

BROTHERS, WILLETT & WILLETT, *contra.*—1. In a court of equity an estoppel *in pais* may bind the legal estate in lands.—*Taylor v. A. & M. Association*, 68 Ala. 230; *McPherson v. Walters*, 16 Ala. 714; *Hendricks v. Kelly*, 64 Ala. 389. 2. On motion to dissolve the injunction for want of equity in the bill, all amendable defects should be regarded *pro hac vice* as amended.—*E. & W. R. R. v. E. T. V. & G. R. R.*, 75 Ala. 276; *Chambers v. Ala. Iron Co.*, 67 Ala. 353.

[Forney v. Calhoun County.]

And affirmative matters of defense set up in the answer can not be considered for any purpose when not responsive to any allegation of the bill.—*Farris v. McCurdy*, 78 Ala. 250; *Jones v. Ewing*, 56 Ala. 360. 3. The dissolution of an injunction is largely a matter of judicial discretion, and does not follow as a matter of course upon the coming in of a sworn answer denying the allegations of the bill. The court may continue the injunction when circumstances seem to demand this course.—*Bibb v. Shackleford*, 38 Ala. 611; *Chambers v. Ala. Iron Co.*, 67 Ala. 353; 2 High on Inj. § 1508. 4. The denial of legal conclusions properly deducible from the averments of the bill, without stating the facts, avails nothing, and denials on information and belief, when the averments of the bill are positive, are not sufficient.—*C. & W. R. R. Co. v. Witherow*, 82 Ala. 190. 5. Defendant Forney does not say once in his answer that he objected to, or interfered with the construction of the court house on his land, and his failure and refusal to answer the interrogatories to the bill, which seeks to sift his conscience and to make him say to whom, when, and where his objections, if any, were made, should be taken as an admission by him that he did not make any objections or protests to the building of the court house. "Every thing is presumed against the defendant with respect to any matter as to which he might have answered fully and directly, but has not done so." 2 High on Inj. §§ 1470, 1471, 1475. 6. The injunction should not be dissolved because of any defect in the affidavit to the bill, unless the complainant fails when required to verify the bill by sufficient affidavit.—*Jacoby v. Goetter*, 74 Ala. 427; *Calhoun v. Cozens*, 3 Ala. 498. 7. The owner of land may waive his right expressly or by implication to prepayment of damages for the taking.—Cooley Const. Lim. 181, 561-2; *Brown v. Worcester*, 13 Gray, 31. And if the owner of land stands by without objection and sees persons expend large sums of money thereon in the construction of a public building or railroad upon the faith of his apparent acquiescence, he can not reclaim the land.—*Goodwin v. Cin. Canal Co.*, 18 Ohio St. 169; *Trenton, &c., Co. v. Chambers*, 9 N. J. (Eq.) 471; *McCanty v. West Ver. R. R.*, 33 Vt.; *Knapp v. McCanty*, 39 Vt. 275; *Jones v. S. & O. R. R.*, 68 Ala. 48; *Hooper v. C. & W. R. R.*, 78 Ala. 213; *Chapman v. R. R. Co.*, 6 Ohio St. 136; 6 Wait's Act. & Def. 702. 8. The defendant Forney says in his answer that he promised to give the land to the county, if the court house was

[Forney v. Calhoun County.]

located at a certain point on it, and yet his answer shows that he stood by without objection and saw the court house built at a different place on said lot, acquiescing and consenting by his silence. Under every principle of justice he is now estopped from saying he did not give the land.—*Adler v. Pin*, 80 Ala. 351; *Hubbard v. Kansas R. R.*, 63 Mo. 68; *Morgan v. R. R. Co.*, 96 U. S. 716; *Bank v. Lee*, 13 Peters, 107; *Merchants Bank v. State Bank*, 10 Wall. 604. And the defendant in such cases is estopped from setting up the statute of frauds.—Brown on Stat. of Frauds, §§ 457, 458; *Swain v. Seaman*, 9 Wall. 254; *Vicksburg R. R. Co. v. Ragsdale*, 54 Miss. 200. 9. If the owner of lands intentionally or by gross negligence leads the public to believe that he has dedicated the premises to a public use, he will be estopped from contradicting the dedication to the prejudice of those whom he has misled.—*Cincinnati v. White*, 6 Peters (U. S.), 431; *Wilder v. St. Paul*, 12 Minn. 192; *Steele v. Sullivan*, 70 Ala. 589; *Rosser v. Bunn*, 66 Ala. 82; *Mankato v. Willard*, 13 Minn. 13; *Holden v. Cold Spring*, 21 N. Y. 474. To constitute such dedication, all that is required is the assent of the owner of the land to the use for such a length of time that public accommodation and private rights might be materially affected by an interruption of the enjoyment.—*Beatty v. Kurtz*, 2 Peters (U. S.), 563, and authorities cited above. 10. No particular form of words is required to give validity to a dedication, and proof of dedication may be by any act of the party, by deed, parol or written declaration.—*Godfrey v. Alton*, 12 Ill. 29; *Scatters v. State*, 1 Sneed, Tenn., 633; *Bermondsey v. Brown*, L. R. 1 Eq. 215; *Morse v. Ranno*, 32 Vermont, 606. 11. Dedication originates in the voluntary donation of land by the owner, and is completed by the acceptance of the public; when accepted, it is irrevocable. The dedication may be proven by the acts and declarations of the owner, and the acceptance may be proven by acts of proper officers recognizing and adopting it as such.—*Green v. Chelsea*, 24 Pick. 71; *Child v. Chappell*, 9 N. Y. 526; *Steele v. Sullivan*, 70 Ala. 589; *Hoole v. Att'y General*, 22 Ala. 190; *San Francisco Co. v. Colderwood*, 31 Cal. 589; *Dodge v. Stacey*, 39 Vt. 574; *Baker v. St. Paul*, 8 Minn. 494; *Cincinnati v. White*, 6 Peters, 431; *Cook v. Harris*, 61 N. Y. 448; *Irwin v. Dixon*, 9 How. 31; *State v. Trask*, 6 Vt. 355; *N. O. v. U. S.*, 10 Pet. 662. 12. A dedication for public commons and cemeteries, and for sites for court houses or other public buildings, has been

sustained.—*Beatty v. Kurtz,* 2 Pet. 566; *Hunter v. Sandy Hill,* 6 Hill, N. Y. 407; *Watertown v. Cowen,* 4 Paige, 510; *City of Cincinnati v. White,* 6 Peters, 431; *Mankato v. Willard,* 13 Minn. 13; *Wilder v. St. Paul,* 12 Minn. 192; *Abbott v. Mills,* 3 Vt. 521; *Holden v. Cold Spring,* 21 N. Y. 474.

SOMERVILLE, J.—A dedication of land may be defined tô be an act by which the owner of the fee appropriates to some public use an easement in the land.

This may be done by writing, or it may be done verbally—without any writing. It may be express, or it may be implied. It may be by a single act, or by a series of acts properly indicative of the owner's intention.

The act of dedication, especially if verbal and single, must be clear and unequivocal, and satisfactorily proved. The most frequent mode of proving the intention to dedicate is by the declarations of the owner. A single clear and unequivocal declaration may be sufficient for this purpose. But a presumption of dedication will not follow from mere user, without more, for any period short of twenty years.

To be effective and valid a dedication must be accepted, and such acceptance may be shown either by some positive conduct of the proper public officers evincing their consent in behalf of the public, or may be inferred from official acts of implied recognition on their part, or by long public use, or from the beneficial nature of the dedication. When once accepted, an easement becomes vested in the public which is irrevocable, although the dedication, as originally made, was voluntary in the sense of being made without any valuable consideration.

These conclusions are familiar principles of law fully supported by the authorities.—*Steele v. Sullivan,* 70 Ala. 589, and cases there cited; Boone's Law of Real Property, § 139, and cases cited in notes; Tiedeman on Real Prop. § 611; *Buchanan v. Curtis,* 3 Am. Rep. 23; *City of Cincinnati v. White,* 6 Pet. 431; *Inge v. Smith,* 80 Ala. 284; *N. O. & S. R. R. Co. v. Jones,* 68 Ala. 48.

The public uses to which property may be dedicated are various. It may be for a street, avenue, or other public highway, for a public square, or public commons; for pleasure grounds, or for a graveyard; for water works, or a wharf; for a market house, or for a *court house,* as in the present case, or other uses of a public nature.—*City of Morrison v. Hinkson,* (87 Ill. 587,) s. c. 29 Amer. Rep. 77; *Monkato v.*

*Willard,* 13 Minn. 18; *McKinney v. Griggs,* 5 Bush. 401; s. c. 96 Amer. Dec. 360, *note* 367; *Trustees of Watertown v. Cowen,* 4 Paige, 510; *Hunter v. Sandy Hill,* 6 Hill (N. Y.), 407; *Child v. Chappell,* 5 Seld. 246; *Abbott v. Mills,* 3 Vt. 521; s. c. 23 Amer. Dec. 222. And it may be said in general terms, that "all sorts of easements and rights to the enjoyment of land, whether of use or of pleasure, which may be acquired by an individual by grant or prescription, may also be acquired by the public by actual dedication."—Boone on Real Prop. § 139.

The doctrine of equitable estoppel applies with peculiar force to cases of this kind. Where the owner of land intentionally, or by culpable negligence, leads the public to believe that he has dedicated it to a public use, he will, upon every principle of fair and conscientious dealing, be *estopped* from denying the fact of such dedication to the prejudice of those whom he has thus misled. The fee, or legal title of the land may remain vested in the owner, but the principle of estoppel will operate to preclude his claim of any exclusive right of possession, such as would interfere with the easement created in the public by his act of dedication. As said by Denio, J., in *Child v. Chappell.* 9 N. Y. 256, such dedication "operates, in the nature of an estoppel, upon the principle that to retract the promise implied by such conduct, and upon which the purchaser [of an adjacent lot] acted, would disappoint his just expectations." And a court of chancery will intervene to protect the public in the enjoyment of this easement against any interference of the owner of the legal title, bringing to their assistance the prompt aid of its injunctive relief. *City of Cincinnati v. White,* 6 Peters, 442; *Boyce v. Kalbaugh* (47 Md. 334), s. c. 28 Amer. Rep. 464; *Hobbs v. Lowell* (19 Pick. 405), s. c. 31 Amer. Dec. 145; 1 Greenl. Ev. § 207; Boone on Real Prop. §§ 139, 253; *Beatty v. Kurtz,* 2 Peters, 566.

The bill alleges, with sufficient clearness, conduct and declarations on the part of the defendant Forney, which operated as a dedication of his undivided interest in the land in controversy, to the public use, as a site for the court house of Calhoun county. The fact is averred that this dedication was accepted by the court of county commissioners, and, that, acting upon the faith of it, they had proceeded with the knowledge and acquiesence of the defendant, to construct a court house upon the premises at a cost to the county of some fourteen thousand dollars. Under this state of facts, the

defendant was estopped to contradict the validity of such dedication, or its binding force upon him, by reason of its resting in parol instead of grant by deed.

Apart from the feature of *dedication* to public uses, which, as we have said, may be effected by parol declarations, or otherwise by conduct *in pais*, the bill would, in my opinion, probably have equity on another ground, as a bill for specific performance. It alleges, in this aspect, a parol promise to make a gift of lands to the county, upon the faith of which the commissioners took actual possession, and were induced to make valuable improvements. Would it not be a fraud on the donee in such a case to permit him to be ejected on the strength of the donor's legal title, in view of a promise by him to make a conveyance? There are well considered decisions which hold that the Statute of Frauds has no bearing on a case of this kind, by reason of the fraud of the donor operating to create an equitable estoppel. We prefer, to put our decision, however, upon the ground first stated, contenting ourselves by referring to the authorities bearing on the last point.—*Forward v. Armistead*, 12 Ala. 124; s. c. 46 Amer. Dec. 246; *Hardesty v. Richardson*, 44 Md. 617; s. c. 22 Amer. Rep. 57; *Freeman v. Freeman*, 43 N. Y. 34; s. c. 3 Amer. Rep. 657; *Lobdell v. Lobdell*, 33 How. 347; *Crosbye v. McDoual*, 13 Ves. 147.

These two aspects of the case do not, in our opinion, render the bill multifarious, each entitling the complainant to the same kind of relief, differing only in the mode and degree. The relief severally asked in the two aspects of the case is not repugnant. In each the action of ejectment is perpetually enjoined so as to protect the possession of the complainant. In the one, it is true, the defendant is decreed to hold the legal title in trust for the complainant, and the public; and in the other, he is decreed to convey it to the complainant to be held in trust for the use contemplated by the dedication—but each of these phases is incident to the general relief prayed, which is to create an equitable estoppel on the defendant, whereby he is precluded from asserting his legal title to the prejudice of the complainant.

The court refused to dissolve the injunction on the denials of the answer, which are equivocal and evasive in their nature. The defendant's conduct is significant in peremptorily declining to answer the interrogatories to the bill, which seek to sift his conscience as to his alleged silence, when standing by and witnessing the construction of the court house

[Forney v. Calhoun County.]

building upon the land, which he admits in his answer he
had consented to dedicate to such uses upon a condition,
which was of a nature easily to be waived by such silence.
It must be presumed that his answers, if unequivocally made,
would have been conclusive against him as to this matter of
estoppel so clearly charged in the bill.    We repeat that the
answer admits, in effect, an agreement to dedicate the land
upon the condition that a court house building was located
in the centre of the lots or block; but it is alleged that this
condition was not observed in as much as the building was
constructed on the east side, and not the centre of the land.
It is not denied, however, and must, therefore, be taken as
admitted, that the defendant was fully cognizant of the fact
that this *variation* as to the locality of the structure was be-
ing made, and with every opportunity to object, he was silent,
and said nothing, and by reason of his culpable silence he
permitted the complainant to be misled into making large
and valuable improvements upon the premises.    This was a
*waiver* of the alleged condition as to the particular spot on
the land designated for the location of the building.    It was,
therefore, a consent to the act of its location on the east side
of the lots.

There is no force, under the facts of this case, in the sug-
gestion that the defendant, Forney, was a tenant in common
with the complainant in the lands in controversy, and was
relieved, on this account, of the duty of objecting to the im-
provements in process of erection.    He could not fail to know
that a costly building of this nature was not intended by pru-
dent officials to be constructed on ground belonging to a pri-
vate individual; and that the court of county commissioners
manifestly were acting with reference to his acts and prom-
ises bearing on the question of a dedication.

The other denials of the answer are denials of legal con-
clusions and not of facts stated in the bill, and can avail
nothing.—*Columbus & Western Railway Co. v. Witherow*,
82 Ala. 190.

Conceding the affidavit to the bill to be defective, this was
no reason for dissolving the injunction on motion, unless the
complainant failed, when required by the court, to perfect
this defect by a sufficient verification of the bill.—*Jacoby v.
Goetter*, 74 Ala. 427.

The demurrer to the bill was properly overruled, as also
the motion to dissolve the injunction, and the decree of the
chancellor is affirmed.