# Smith v. Southern Iron & Steel Co.

*Trespass to Realty.*

(Decided June 5, 1913.  62 South. 766.)

1. *Appeal and Error; Record; Presumption.*—In an action for trespass quare clasum, where defendant pleaded dedication of the locu in quo for a highway, and the bill of exceptions recited that defendant introduced in evidence, "the dedication of the road," but neither the form nor the language of the dedication, nor when, nor by whom, nor to whom it was made, was shown, it will be presumed that the dedication was a formal and absolute one made by the owner of the land for the use of the general public prior to the trespass complained of.

2. *Dedication; Use of Land for Highways.*—Evidence of the use of land by the public for a road for many years is sufficient to perfect dedication of the land for a highway.

APPEAL from Blount Circuit Court.

Heard before Hon. JAMES E. BLACKWOOD.

Action by W. L. Smith against the Southern Iron & Steel Company, for trespass to realty.  Judgment for defendant and plaintiff appeals.  Affirmed.

GEORGE W. DARDEN, and JAMES KAY, for appellant. Corporations are responsible civilly for the authorized acts of their agents or servant, or when they ratify the same.—*So. C. & F. Co. v. Adams,* 131 Ala. 158.  The use of wild and unenclosed lands by the public confers no rights on the public, and raises no presumption of dedication, no matter how long a period it may continue.—13 Cyc. 484; *Gage v. M. & O.* 84 Ala. 224.  Counsel discuss the admission of the dedication proceedings, but in view of the opinion, it is not deemed necessary to here set it out.

W. A. WEAVER, for appellee.  Nothing is shown in the bill of exceptions relative to the form, language or

[Smith v. Southern Iron & Steel Co.]

otherwise of the dedication, and the presumption will therefore be indulged that there was a dedication for the purpose of supporting the rulings of the trial court. The evidence was sufficient to perfect the dedication.— *Steele v. Sullivan,* 70 Ala. 589; *Forney v. Calhoun County,* 84 Ala. 215.

SOMERVILLE, J.—Appellant sued appellee, a corporation, for trespass upon his lands. The first count is in trespass quare clausum, and the second is in case for trespass by defendant's servants acting in the course of their employment. The evidence shows that the trespasses complained of consisted in tearing down some wires stretched across a road, and the passage over the road of sundry persons alleged to be in the service or employment of defendant.

The trial court gave the general affirmative charge for defendant. The bill of exceptions recites that defendant introduced in evidence the "dedication of the road." Neither the form nor the language of this dedication, nor when, nor by whom, nor to whom it was made, is shown by the bill.

In this state of the record every reasonable presumption will be indulged in favor of the rulings of the trial court, and we are bound to presume that the dedication referred to was a formal and absolute dedication of the roadway in question, made by the owner of the land prior to the trespasses complained of for the use of the general public.

And the evidence of use by the public for many years is sufficient to perfect the dedication.—*Steel v. Sullivan,* 70 Ala. 589; *Forney v. Calhoun County,* 84 Ala. 215, 4 South. 153. Such being the case, as matter of law the use of the road by defendant or its servants was not in violation of plaintiff's rights, and he was not entitled to recover.

[Interstate L. Co. v. Duke.]

The several rulings of the trial court on the evidence complained of by plaintiff did not affect this result, and their merit need not be considered.

For aught that is shown by the record, the trial court cannot be held in error, and the judgment will be affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.