(Opinion published 52 N. W. Rep. 918.)

---

## GUSTAVE LUNDELL vs. WILLIAM CHENEY.

Argued July 6, 1892. Decided July 14, 1892.

**Review of Evidence on Appeal.**

Rule applied that the sufficiency of the testimony to support the verdict or findings cannot be considered where the "case" does not contain all the evidence.

**Report of Referee—What to Contain.**

In case of a reference to try all the issues in a case and to report a judgment thereon, the report of the referee is required to contain only what the findings of the court are required to contain in case of a trial by the court, viz., findings of these facts necessary to cover the issues in the case and to form the basis of a judgment thereon.

Appeal by plaintiff, Gustave Lundell, from an order of the District Court of Hennepin County, *Hooker*, J., made March 16, 1892, refusing a new trial.

Gustave Lundell and Peter Osander, in January, 1876, formed a partnership for the purpose of conducting a general plumbing busi-

ness in Minneapolis. They did business as such partners under the name of Peter Osander & Co. until June, 1889, when Osander died. Each of the partners had an equal interest in the property, but there never was an accounting. William Cheney was appointed administrator of the estate of Osander. This action was brought by Lundell, the plaintiff, against Cheney, as administrator, for an accounting of the dealings and transactions of the firm, an adjustment of the equities of the parties, and a division of the surplus, if any, after the payment of the firm liabilities. Issue was joined, and on December 5, 1890, by consent of the parties, the action was referred to Thomas R. Huddleston, Esq., as sole referee, to hear and decide the whole issue and report judgment thereon. The case was tried before such referee, who on August 31, 1891, made and filed his report. He found that there was a balance of $2,724.07 due plaintiff from defendant, and ordered judgment against the defendant for that amount. After the report was filed, plaintiff moved the court for an order recommitting the action to the referee, and requiring him to report specifically as to certain facts. This motion was denied February 26, 1892, whereupon plaintiff moved for a new trial, and from an order denying the same, appealed to this court.

*Willis A. McDowell*, for appellant.

*Little & Munn, S. A. Reed*, and *A. F. Sweetser*, for respondent.

MITCHELL, J. This action was brought for an accounting and settlement of the partnership business carried on by plaintiff and defendant's intestate from January, 1876, to the death of the latter in June, 1889. The case was, by consent, referred to a referee to try all the issues, and to report a judgment thereon.

The partners never had any accounting or settlement of their affairs in the thirteen or fourteen years during which they were in business together. Their books of account, which were mainly kept by or under the supervision of Osander, were exceedingly incomplete and inaccurate, rendering it necessary to resort to other evidence, such as checks, receipts, and other documents, and even to oral testimony, to ascertain what moneys had been received or paid out by

the respective partners on account of the firm business, or drawn out and used by them for individual purposes. The trial of the case occupied between thirty and forty days, and involved the examination not only of numerous living witnesses, but also some twenty or more books of account, and a great mass of other documentary evidence, in order to get at the state of the account between the two partners. The case did not involve a single question of law, the issues being wholly of fact, and mainly of figures, of which there was a great mass, the labor of examining which was necessarily very great. In such a case, the main reliance of parties for correct results is the trial court. Even if we had all the evidence before us, we would not consider it any part of our duty, as an appellate court, to go through this great mass of accounts and figures to ascertain whether the referee had stated the account correctly. To entitle appellant to a reversal, he must be able to point out some clear and demonstrable error on part of the referee.

1. The certificate of the referee states that the settled case contains all the evidence, but the record affirmatively shows that this is not the fact. It appears that all the books of account referred to, and which constituted a large part of the evidence upon which the referee based his findings, were introduced in evidence; but neither these books nor any summary of their contents are made any part of the settled case. Other documentary evidence was also introduced, which is not contained in the case. We are therefore unable to consider any question as to the sufficiency of the evidence to justify the findings. This disposes of all the points attempted to be raised by appellant's third assignment of error.

2. In the trial of the case the plaintiff seems to have proceeded upon the theory that Osander, as "the financial member of the firm," should be charged with all moneys received by the firm, and credited only with such as it could be proved he had paid out for partnership purposes. For the purpose of showing disbursements made by him for the firm that did not appear on the books, the defendant was permitted, against plaintiff's objection and exception, to introduce a number of checks drawn by Osander in the name of the firm on partnership funds on deposit in bank to the credit of the firm. This is

assigned as error, the claim being that the evidence would not tend to show that the money was used or disbursed for firm purposes. Taken alone and by itself, the fact that Osander checked out partnership funds in the firm name would not prove that he used them for such purposes; but it might be one link in the chain that would prove that fact. If accompanied or followed by other evidence, either from the books or otherwise, that the parties to whom the checks were payable were creditors of the partnership to the amounts of the checks, or were parties with whom the firm were having dealings, a presumption might arise, or an inference be indulged in, that the checks were drawn for partnership purposes. Indeed, it may be doubtful whether such would not be the presumption even in the absence of such other evidence. There is certainly no presumption, in the absence of proof, that Osander wrongfully appropriated firm moneys to individual uses. But, waiving any question of presumptions, we cannot say, in the absence of all the evidence, that the admission of these checks was error.

3. The referee made his report, containing findings of fact covering all the issues in the case, showing the conclusions at which he had arrived from the evidence as to the amount of capital each partner had paid into the firm, and how much each had drawn out for his individual use during the continuation of the partnership, and how much plaintiff, as the survivor, had received and disbursed subsequent to the death of Osander. The plaintiff moved the court to recommit the case to the referee, requiring him to make certain additional findings as to certain specified facts. The refusal of the court to do so is the subject of plaintiff's second and remaining assignment of error.

Without taking the time to specify, the record shows that in no instance did the plaintiff request a finding of a fact from all the evidence in the case, but merely what appeared from a specified part of the evidence; also that none of the additional findings which he asked for were of ultimate facts, necessary to cover any issue in the case, or to form a basis for any conclusion of law or for a judgment thereon. The fact was that counsel, being of opinion that the findings of the referee were not justified by the evidence, instead of mak-

ing that to appear by a "case" or bill of exceptions, sought to do so by attempting to compel the referee to make findings as to the effect of certain parts of the evidence.

Where, by order of reference, the whole issues are referred, the referee is substituted for the court. The trial is to be conducted in the same manner as a trial by the court, and the referee's report stands as the decision of the court. His findings should contain just what the findings of a court should contain—nothing more and nothing less. Like the court, he is not required to find upon any other facts than those necessary to cover the issues in the case, and which enter into and form the basis of the judgment to be entered upon his report. He is required to find upon the issues only, and not to report the evidence, or to explain the means or process by which he arrived at his conclusions. Counsel has, perhaps, unwittingly failed to distinguish between the requirements of the report of a referee in such a case and those of the report of a referee merely to take and report the evidence, or to report certain specific facts; as, for example, to state an account, in which the duties of the referee would be somewhat analogous to those of a master in chancery under the old practice. The report of the referee in the present case, although prefaced with a good deal of superfluous and irrelevant matter, contains findings of fact which fully cover all the issues in the case, and form an ample basis for a final judgment. This was all that was required; and it was, at most, merely discretionary with the court whether he should be required to find upon any other specific questions of fact. Indeed, the additional findings asked for, limited, as they were, to some particular part of the evidence, would have not only failed to furnish any test of the correctness of the general findings, but would have been in many instances positively misleading.

Order affirmed.