# Greil Bros. Co., *et al. v.* Brooks.

*Bill to Reform Instrument and Quiet Title to Same.*

(Decided February 8, 1912.   Rehearing denied May 1, 1912.
58 South. 552.)

1. *Reformation of Instrument; Right of Action; Bill.*—The case made by the bill stated and examined, and it is held that the bill did not make a cause of action for reforming a lease and rent notes so as to show that they were executed to the plaintiff instead of to her husband.

2. *Quieting Title; Action; Bill.*—The bill examined and held not to show a cause of action authorizing the cancellation of the lease and rent note as a cloud upon complainant's title to the land described.

3. *Trusts; Constructive Trusts.*—The bill examined and held not to make a cause of action on the theory that it showed a constructive trust enforceable against respondent, and the tenant of the property.

(Simpson, J., dissent.)

APPEAL from Lowndes Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by Mary E. Brooks against Greil Brothers Company and others, to reform a lease and rent note, or to cancel the same as a cloud on title, and for an injunction, and accounting. From a decree overruling demurrers to the bill, respondents appeal. Reversed, rendered and remanded.

The opinion of the chancellor as to the theory of the bill, made the basis of the special prayer for relief, and his reason for not granting the same, are as follows: "In order for a court of equity to reform a written instrument, it must be shown that the party seeking such reformation was a party to the contract or instrument, or in privity thereto, and also that there was a mistake which was mutual, etc.   I do not think the essential elements of such a bill can be found in the allegations

37—176

of this bill, and that, therefore, it cannot be rested for
its equity upon that theory. It is further asked in the
bill that, if mistaken as to the right to reformation, the
lease be canceled as a cloud on title of complainant, and
that the tenant be required to execute a new lease to
complainant. I do not think the equity of the bill can
be rested upon the theory of cancellation as cloud on
title. In the first place, it is not alleged that complain-
ant is in possession, at least I do not consider that it is
sufficiently alleged, if at all, and there may be other
reasons why the bill is insufficient as one to cancel a
cloud on title, but I do not think it necessary to further
pursue these ideas. These are the two theories advanc-
ed by the bill so far as the special prayer of the bill is
concerned; the relief as to cancellation being in the al-
ternative. These are the two theories that seem to be
argued by counsel in their brief for complainant and
answered by counsel for respondent. In my opinion
the bill cannot well be rested upon either theory."

STEINER, CRUM & WEIL, for appellant. An instru-
ment cannot be reformed, except at the instance of a
party or privy thereto, and except it appear that there
has been a mutual mistake or fraud or misrepresenta-
tion.—*Folmar v. Lehman Durr Co.*, 147 Ala. 472. The
bill does not aver possession in the complainant, but
shows that she was neither in actual nor constructive
possession, and therefore, cannot be maintained as a bill
to remove a cloud on title.—*Sayres v. Tall. F. Mfg. Co.*,
167 Ala. 553. The relations evidenced by the allega-
tions of the bill makes Crenshaw the tenant of C. E.
Brook, and appellant the landlord by virtue of acquir-
ing the rent notes from Brooks, and hence, entitled to
enforce payment of rent from Crenshaw.—*Bennett v.
McKee*, 144 Ala. 601; Sec. 4752, Code 1907. Crenshaw

was then estopped to deny the title of Brooks, and there-
fore, estopped to deny the right which appellant had
acquired to enforce payment of the lien.—*Henley v.
Bank,* 16 Ala. 522; *Stringfellow v. Curry,* 76 Ala. 394;
*Crawford v. Jones,* 54 Ala. 459; *Crim v. Nelms,* 78 Ala.
604; *Davis v. Williams,* 130 Ala. 530; *Scott v. Ruther-
ford,* 92 U. S. 107; 23 A. & E. Enc. of Law, 487; 24
Cyc. 949. This principle of estoppel applies, although
the landlord had no title when the relation of landlord
and tenant was created.—*Van Cleeve v. Wilson,* 73 Ala.
367; *Crawford v. Jones, supra.* A tenant cannot set up
that he was induced to enter into the contract by fraud,
mistake or improper means after he is put in posses-
sion under the lease.—*Blankenship v. Blackwell,* 124
Ala. 361. The estoppel applying in favor of C. E.
Brooks applies in favor of appellant to the extent of
the rights acquired in the purchase of the notes.—*Hen-
ley v. Bank, supra;* 24 Cyc. 945. Under the circum-
stances of this case appellant would not be liable in an
action for money had and received so long as the lands
were held by Crenshaw and claimed by appellant in
repudiation of appellee's title.—*Lockhart v. Barton,*
78 Ala. 189; 161 Fed. 822; 41 N. Y. 450; 37 N. Y. 332.
Neither would the tenant be liable in an action for use
and occupation.—*Fielder v. Childs,* 73 Ala. 567; *Grady
v. Ibach,* 94 Ala. 152; *Burgess v. Am. Mtg. Co.,* 115 Ala.
470; *Stringfellow v. Curry, supra.* The complainant
had a complete and adequate remedy at law.—*McBray-
er v. Cariker,* 61 Ala. 50; *Robinson v. Pearce,* 108 Ala.
273. Where the principal has fradulently or negligent-
ly entrusted property to an agent with all the indicia
of authority or ownership a third person purchasing
in entire good faith will be protected, although the
agent may have been given possession for a special pur-
pose, and without authority of disposition.—*Winter v.*

*Gas Co.,* 89 Ala. 544; *First Nat. Bank v. Nelson,* 106 Ala. 535; *First Nat. Bank v. Moragne,* 128 Ala. 157; 31 Cyc. 1607. Having done this, appellee is bound by all the equity that could be set up against her agent, the husband.—*Gardner v. Allen,* 6 Ala. 187; *Jones v. Adkinson,* 68 Ala. 167; *Williamson v. Tyson,* 105 Ala. 644; *Phillips v. Wild Bros.,* 144 Ala. 545; *Sellers v. Malone-Pilcher Co.,* 151 Ala. 426; 69 Am. St. Rep. 799; 31 Cyc. 1601. It appearing from the bill that appellant was a purchaser for value, it was encumbent upon appellee to allege notice to appellant.—*Lewis v. Moore,* 97 Ala. 371. Applying the doctrine of undisclosed principal, the contract being executory, the right to enforce it or to recover damages on account of its breach, is dependent upon whether it involves an element of personal trust and confidence.—*Bir. Mat. Club v. McCarty,* 44 South. 642; 31 Cyc. 1598-9. The common law rule that a contract of the agent under seal did not afford the undisclosed principal an action thereon has not been abrogated in this state.—*Jones v. Morris,* 61 Ala. 518; *Webb v. Mullen,* 78 Ala. 111.

POWELL & HAMILTON, for appellee. Where there is no question of an adverse holding, a person who collects rents properly belonging to the owner of the land can be made to account in equity, and may be also held to the equitable action of money had and received.— *Prince v. Pickett,* 21 Ala. 741. Such is the case made by the allegations of the bill in question, and the decree of the chancery court should be affirmed. She could not maintain an action upon the notes and lease, and hence, had no remedy at law.—*Powell v. Wade,* 109 Ala. 95. The mere fact that an agent takes from a purchaser a note payable to himself instead of his principal, will not defeat the principal's right unless the note

is negotiable, and in the hands of an innocent purchaser.—*Murphy v. Barnard,* 162 Mass. 72; Meacham on Agency, sec. 773. The cases cited by appellant are not applicable, as nothing appears showing an adverse holding.

MAYFIELD, J.—This is an appeal from a decree overruling a demurrer to the original bill. The case made by the bill is well stated by counsel as follows:

"The original bill was filed by the appellee against appellants, Greil Bros. Company, Anderson Crenshaw, and C. E. Brooks, alleging, in substance: That appellee was the owner of certain lands located in Lowndes county and had been for several years. That she had intrusted the leasing and renting of these lands, and the collection of the rents therefrom, for a number of years to her husband, C. E. Brooks; that in September, 1908, her husband entered into a lease of the land for a term of five years with one Anderson Crenshaw, a copy of the lease being attached as 'Exhibit A' to the bill. That her husband, instead of having the lease and the rent notes made payable to her, executed the lease in his own name, and had the notes made payable directly to himself. (The notes, or copies thereof, are not attached as exhibits to the bill.) That in having the lease executed in his own name, and taking the rent notes payable to himself, her husband acted without her knowledge, consent, or authority, and that she was ignorant of such facts, and did not discover them until a short time before the filing of the bill. That her husband transferred the rent notes—not the lease—to Griel Bros. Company, one of the appellants, as collateral security for his indebtedness to said Griel Bros. Company. That said Griel Bros. Company had collected the rent notes payable during the year 1909, and a portion of

the notes payable in 1910, and that said company was holding the balance of the notes as collateral to the payment of her husband's indebtedness to said company. The bill further alleges that the indebtedness was not appellee's indebtedness, but that of her husband, and that she never authorized or consented that the rent notes should be transferred, or the rents from the property applied in payment of the indebtedness to said Griel Bros. Company.

"The relief prayed is in the alternative, namely, (1) that the lease and rent notes be reformed so as to show that they were executed in the name of the appellee, instead of her husband, and that she be authorized to collect the rents from the land for the remainder of the term of the lease, or, if mistaken in this, (2) that the lease and rent notes be set aside and canceled as a cloud upon appellee's title to the lands mentioned. A temporary writ of injunction is prayed for, and also an accounting, but no injunction ever issued.

"Appellant Griel Bros. Company filed a demurrer, assigning numerous grounds, which demurrer appears on pages 10-12 of the record. The respondents C. E. Brooks and Anderson Crenshaw did not appear in the lower court.

"The case was submitted on demurrer to the bill, and the court rendered a decree overruling the demurrer, writing an opinion, the opinion and decree being set out in the record on pages 12-18. * * *

"All of the assignments of error go to the ruling of the chancellor in rendering the decree overruling the demurrer of Griel Bros. Company to the bill of complaint."

The chancellor, we think, properly held that the bill did not make a case entitling the complainant to either one of the two specified reliefs prayed—that is, to reform

the lease contract or to remove a cloud from title—and this for the reasons assigned by the chancellor in his opinion, which the reporter will set out in reporting this case. We cannot agree with the chancellor, however, that the bill makes a case for relief under the general prayer, on the theory that the bill shows a constructive trust enforceable against the tenant and the appellant Griel Bros. Company. If this were a contest solely between the principal and the agent, and the rights of third parties were not involved, the chancellor might be correct in his conclusions. There is nothing in the bill to show that the tenant, Crenshaw, had any notice whatever that the relation of principal and agent existed between complainant and her husband, or that the latter was acting as her agent in making the lease or taking the notes, or that he did not have the authority to make the lease in his own name and take the notes payable to himself, as he did. There is likewise no averment or pretense that Griel Bros. Company, transferee of such notes, had any knowledge of the relation of principal and agent between complainant and her husband or of the lack of authority on his part to make the lease and take the notes, as he did, or of lack of authority to transfer and assign them to appellant.

Following the rule that pleadings must be construed most strongly against the pleader, the bill in the present shape is susceptible of the construction that C. E. Brooks, the husband and agent of the complainant, transferred and assigned the notes in question to the appellant Griel Bros. Company as collateral security for a debt contemporaneous with the transfer and assignment of the notes, and that Griel Bros. Company had no notice, actual or constructive, of the complainant's interest or rights in or to the notes. If this be true, the complainant would not be entitled to maintain

this bill against Griel Bros. Company on the theory of a resulting trust. That company would then be a bona fide holder of the notes for value without notice of the complainant's equity. The bill also shows that the notes were transferred and assigned before maturity, and for value. This would make the title and rights of Griel Bros. Company, which is not shown to have had any notice, either actual or constructive, of the trust, better than the claim of the complainant's right to enforce this resulting trust. If the bill had shown that Griel Brothers Company had any notice, either actual or constructive, of the complainant's rights or trust in or to the notes when they were acquired, or that it acquired them as collateral security for a pre-existing debt, the right of the complainant to enforce this trust might be different but the bill contains no such averments, and for this reason the demurrers upon this ground should have been sustained.

The case is distinguishable from that of *Robinson v. Pierce,* 118 Ala. 297, 24 South. 984, 45 L. R. A. 66, 72 Am. St. Rep. 160, by reason of the fact that the trust spoken of in that case was an express trust, and the parties claiming against it were chargeable with notice and knowledge of the recital of the trust in the muniments of title through which they claimed. The bill in this case is also defective in failing to aver that the tenant, who rented the lands from complainant's husband, had knowledge or notice of the relation of principal and agent, or that of trustee and cestui que trust between the complainant and her husband, or that he was in fact renting the land of the complainant, and not that of the husband, he having rented the same from the husband of the complainant, individually and personally, and not from him as agent or trustee, and having executed his notes to him for the purchase price,

[Bibby, et al. v. Bunch.]

and they having been transferred and assigned by the husband to Griel Bros. Company for a valuable consideration, we do not think that the resulting trust could have been enforced against said company.

The only wrong complained of in the bill is that the husband executed the notes in payment of the rent, in his own name, instead of in his wife's name, and that he transferred and assigned them before maturity to Griel Bros. The bill shows no wrong, whatever, upon the part either of the tenant or of Griel Bros. Company; nor does it allege any knowledge or notice, either actual or constructive, upon the part of either of them of the wrongs and injuries by the husband in the bill complained of. Until the bill is amended in these respects, it is, we think, without equity against the appellant.

The decree of the chancellor overruling the demurrer to the bill is therefore reversed; and a decree will be here renderd, sustaining the demurrers.

Reversed, rendered, and remanded.

ANDERSON, MCCLELLAN, and SAYRE, JJ., concur in the conclusion. SOMERVILLE, J., concurs in the opinion and decision. SIMPSON, J., dissents. DOWDELL, C. J., not sitting.