THOMPSON v. ANDERSON. (4 Div. 152.)

(Supreme Court of Alabama. Oct. 30, 1924.)

**1. Pleading ⬅➡355—Court properly overruled motion to strike counts of complaint for variance as to due date of claim between affidavit and complaint.**

In suit by attachment for rent and advances, court correctly overruled defendant's motion to strike counts of complaint for variance as to due date of claim with affidavit, where plaintiff was entitled to writ, whether debt claimed was due or not, in view of Code 1907, § 4739; defendant's recourse being against affidavit which would have availed him nothing under sections 2965, 4741.

**2. Husband and wife ⬅➡129(7)—Silence of woman held not to estop her from denying husband's ownership of note.**

Where rent note had been made payable to husband of plaintiff by mistake, that she remained silent while creditor of husband was proceeding to judgment against tenant as garnishee for amount evidenced by note did not estop her from denying husband's ownership thereof, where she was not party to garnishment proceedings, and husband had no authority to manage her lands and collect rents.

**3. Landlord and tenant ⬅➡328(2)—Agreement held to create relation of landlord and tenant, giving landlord lien for value of one-half cane crop on whole.**

Where parties agreed that cane raised on demised premises should be made on halves, and balance of land rented for standing rent, agreement under Code 1907, § 4742, as amended March 8, 1915 (Acts 1915, p. 134), created situation of landlord and tenant, and for value of one-half the cane landlord had lien upon the whole.

**4. Appeal and error ⬅➡238(4)—Judgment adjudging lien on cane grown on premises for standing rent held not prejudicial to defendant.**

In suit by attachment for rent and advances, defendant was not prejudiced by judgment adjudging a lien upon cane grown on demised premises for standing rent, and where it did not appear that judgment was augmented by any part of cane crop, and defendant retained possession by giving forthcoming bond, plaintiff's judgment was superseded by defendant's appeal bond, and levy upon the cane would have been discharged upon defendant's motion, but no such motion was made.

**5. Appeal and error ⬅➡173(8)—Complaint on appeal that note for advances was usurious, not considered.**

That note for advances was usurious, will not be considered on appeal, where usury was not pleaded; and, consistently with the evidence, judgment might be explained on hypothesis that it did not include interest in any amount on indebtedness evidenced by note for advances.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Attachment suit by Martha Butler against W. G. Thompson. Judgment for plaintiff, and defendant appeals (revived in name of Emma Anderson, as administratrix of the estate of Martha Butler, deceased). Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

Lee & Tompkins, of Dothan, for appellant.

Plaintiff was estopped to claim the amount of the rent note which was made payable to the husband. Brooks v. Griel Bros., 179 Ala. 459, 60 So. 387. Recovery of usurious interest was improperly allowed. Code 1907, § 4623. A lien for standing rent should not have been fastened upon the cane. Code 1907, § 4742. Count 3 should have been stricken on motion. Smythe v. Dothan F. & M. Co., 166 Ala. 253, 52 So. 398.

Mullins & Martin, of Dothan, for appellee.

Counsel discuss the questions raised, but without citing authorities.

SAYRE, J. [1] Suit by attachment brought by appellee's intestate against appellant. The court correctly overruled appellant's motion to strike the several counts of the complaint. The motion appears to have proceeded upon the ground of a variance as to the due date of the claim in suit between the affidavit and the said counts. Attachment was sued out on the ground that defendant, tenant under appellee's intestate,

———
⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

was about to remove from the premises or otherwise dispose of a part of the crop thereon. Upon that ground appellee's intestate was entitled to the writ whether the debt claimed as for rent and advances was due or not. Section 4739 of the Code of 1907. The affidavit is repugnant with itself. It alleges that the debt sought to be collected was due, and that it would become due. The complaint was filed after the debt became due and was proof against objection. Appellant's recourse, if any he had, was against the affidavit; but that would have availed him nothing because plaintiff would have been afforded an opportunity to amend. Sections 4741 and 2965, Code of 1907.

[2] Objection is taken against the judgment rendered on the ground, for one thing, that, the rent note having been made payable to the husband of appellee's intestate—by mistake, as plaintiff's evidence tended to show—plaintiff's intestate remained silent while a creditor of the husband was proceeding to judgment against appellant as garnishee for the amount evidenced by the note. This objection is sufficiently answered by the consideration that plaintiff's intestate was not a party to the garnishment proceeding. Griel Bros. Co. v. Brooks, 176 Ala. 577, 58 So. 552, is cited to show that plaintiff's intestate—who died pending this appeal—should have been estopped to deny her husband's ownership of the note taken in his name. But in that case the husband of the landlord had full authority to manage her lands and collect rents. Here, according to a well-developed tendency of the evidence—which tendency we must assume the court, trying this case without a jury, accepted—the husband had no such authority, his testimony was that the contract of rental was negotiated between his wife and defendant, and, upon the whole, there appears to be no reason for doubting that the wife was the true owner of the debt evidenced by the note, and the trial court may well have found that defendant knew that fact.

[3, 4] The court adjudged a lien in favor of plaintiff upon two acres of cane in the field, among other crop products of the land. The agreement between the parties as to the cane was, to employ the language of the witness husband who testified without objection, that—

"There was some cane raised on the place and my wife told him that she would furnish the seed cane and fertilizer and he could make it on halves and the balance of the land was rented for standing rent."

This agreement under section 4742 of the Code as amended March 8, 1915 (Acts, p. 134), created "the situation of landlord and tenant with all its incidents, and to all intents and purposes." For the value of one-half the cane plaintiff had, therefore, a lien upon the whole; but this contract as to the cane appears to have been entirely separate from the contract for standing rent, and, on the case presented, our opinion is that the court should not have adjudged a lien upon the cane for the standing rent, which was the only rent claimed in the complaint. However, it does not appear that the amount of plaintiff's judgment was augmented by one-half the value of the cane or any part thereof—rather the contrary. Defendant retained possession of the property levied on by giving a forthcoming bond, and now plaintiff's judgment has been superseded by defendant's appeal bond. The levy upon the cane would have been discharged upon defendant's motion. No such motion was made, and as the case now stands we apprehend defendant has suffered no prejudice by the judgment rendered.

[5] The note to secure advances was separate from the note for rent, purports to have been executed in the state of Florida, and bore interest at the rate of 10 per centum per annum. Appellant complains that the trial court erred in rendering judgment for interest. If, in the circumstances, the contract for advances was usurious—a question the defendant does not appear to have had in mind at the trial—there are two answers to his complaint on this appeal: Usury was not pleaded; consistently with the evidence, the judgment may be explained on the hypothesis that it does not include interest in any amount on the indebtedness evidenced by the note for advances.

Finding no reversible error, the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.