188 So.2d 522

**Luther MEDLIN**

v.

**Leonard R. SAULS et al.**

**7 Div. 704.**

Supreme Court of Alabama.

June 16, 1966.

Roy D. McCord, Gadsden, for appellant.

E. L. Roberts, Gadsden, for appellees.

GOODWYN, Justice.

Bill to quiet title to real estate. After an oral hearing of the evidence, a decree was rendered in favor of the complainants. The respondent brings this appeal from that decree.

Our conclusion is that the decree is due to be affirmed.

There are six assignments of error. However, only Nos. 1 and 2, charging error in the overruling of respondent's demurrers to the original bill and the bill as amended, are referred to in brief. The entire argument with respect to these assignments is as follows:

"* * * When the Bill of Complaint and the amendment thereto are carefully considered, said Bill does not meet the requirements of the provisions of Title 7, Section 1109, of the Code of Alabama as recompiled in 1958. As was said by the Supreme Court in the case of Griel Brothers Company v. Brooks [176 Ala. 577], 58 Southern, 552, all of the necessary averments as set forth in said Title and Section of the Code should be' set forth in the Bill."

This argument is not adequate to justify consideration of these assignments. They must be considered as waived. Supreme Court Rule 9 (261 Ala. XIX, XXII) provides as follows: "Assignments of error not substantially argued in brief will be deemed waived and will not be considered by the court."

Error will not be presumed on appeal. The burden is on appellant to point out clearly and specifically what the claimed errors consist of.

The only other point mentioned in appellant's brief, but without reference to any assignment of error, is that "appellees did not meet the burden of proof in this case." Aside from other reasons, this point cannot be considered because of the inadequacy of appellant's argument bearing on it. Supreme Court Rule 9, supra.

The decree is affirmed.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.