GEORGE H. HOIT *et al. vs.* HARRY H. MCINTIRE.

Argued July 7, 1892.   Decided July 14, 1892.

**Check—Unauthorized Delivery.**

> The findings of fact *held* to justify the conclusion of law that defendant was not liable on the check in suit for the reason that it had never been delivered to the payee by defendant's authority.

Appeal by plaintiffs George H. Hoit, George H. Hoit, Jr., and Fred C. Hoit, partners as George H. Hoit & Co., from an order of the District Court, Hennepin County, *Pond,* J., made March 19, 1892, denying their motion for a new trial.

This action was brought on a check for $1,000, drawn by defendant H. H. McIntire, November 28, 1890, on Bank of Commerce, West Superior, Wisconsin, and made payable to the plaintiffs, George H. Hoit & Co.

On November 27, 1890, George H. Hoit, Jr., one of the plaintiffs, was the owner in fee simple of a certain tract of land in Minneapolis. On that day he entered into a verbal contract with the defendant, H. H. McIntire, to sell and convey to McIntire this real estate for the sum of $4,750, payable $1,000 down, and the balance April 1, 1891, on the delivery of a warranty deed of said premises. The parties agreed to put this contract in writing on the day following. On November 28, 1890, McIntire went to the office of his attorney, Charles A. Willard, in Minneapolis, with Fred C. Hoit, one of the plaintiffs, and in his presence, instructed Willard to put said verbal agreement in writing. McIntire then drew his check for the $1,000 cash payment, and in the presence of Hoit, delivered it to Willard with instructions to deliver it to Fred C. Hoit as soon as the proposed agreement should be drawn up and properly executed. McIntire and Hoit then left the office of Willard, who at once prepared the contract ready for execution. Later in the day, Fred C. Hoit returned to Willard's office, and signed the contract in the name of George H. Hoit, Jr., by himself as agent, and delivered it to Willard, who then delivered to Hoit the check of McIntire, which

is the check on which this action is brought. Fred C. Hoit had no written authority of any nature to execute the contract in the name of George H. Hoit, Jr., and said contract was never executed by George H. Hoit, Jr., or by any one authorized by him to execute it.

The check was presented for payment to the Bank of Commerce of West Superior, Wis., December 2, 1890. The bank had suspended payment, and refused to pay the check. The contract was kept by Willard until December 28, 1890, and up to that time McIntire did not know that it had not been properly executed. Between December 2, 1890, and December 28, 1890, he made numerous promises in letters to pay the check, but did not do so. After discovering that the contract had not been properly executed, McIntire notified George H. Hoit, Jr., that he would not be bound by it, and would not pay the check. After this action was commenced, George H. Hoit, Jr., without the knowledge or consent of McIntire, wrote on the back of the contract a ratification of the act of Fred C. Hoit in signing the contract for him, and gave notice of such indorsement to defendant's attorneys. The action was tried before the court without a jury. As conclusions of law the court found that the contract was void, not having been executed by George H. Hoit, Jr., or by any one authorized by him to execute it, and could not be ratified by George H. Hoit, Jr., at any time thereafter; that the handing of the check by Willard to Fred C. Hoit, contrary to instructions, was not in law a delivery of the same; that McIntire had not ratified the delivery, and that the check was without consideration and void.

*Cobb & Wheelwright*, for appellants.

The verbal contract for the sale of the land was a good consideration for the check. Where a vendor, under an oral contract for the sale of land, is ready and willing to perform on his part, the vendor cannot rescind and recall money paid by him on the contract because the statute declares the contract to be void as not being in writing. *Sennett* v. *Shehan*, 27 Minn. 328; *La Du-King Mfg. Co.* v. *La Du*, 36 Minn. 473; *Kriger* v. *Leppel*, 42 Minn. 6; *Coughlin* v. *Knowles*, 7 Met. 57; *Abbott* v. *Draper*, 4 Denio, 51. In an action on a note or check, it is no defense that the sale of land in consideration of

which the note or check was given, was not in writing, as required by the statute of frauds.    Browne, Stat., Frauds, § 1226; *McGowen* v. *West*, 7 Mo. 569; *Rhodes' Admrs.* v. *Storr*, 7 Ala. 346; *Raubitschek* v. *Blank*, 80 N. Y. 478.

Defendant is estopped by the actions and declarations of his agent Willard from saying that the delivery of the check was unauthorized by reason of the want of authority in Fred C. Hoit to sign the contract.    *Dickson* v. *Green*, 24 Miss. 614; Reed, Stat., Frauds, §§ 481, 733; *Leighton* v. *Grant*, 20 Minn. 345; *Masonic Temple Ass'n* v. *Channell*, 43 Minn. 353; 7 Am. & Eng. Encyc. of Law, 32.    A principal is liable to third parties for the acts of his agent done within the scope of his *apparent* authority, and the rights of third parties cannot be prejudiced by secret restrictions.    Mechem, Agency, §§ 83, 84; 1 Am. & Eng. Encyc. of Law, 410.

The ratification of the contract by George H. Hoit acted retrospectively.    By it, the principal put himself back into the period in which the contract was executed.    Wharton, Agency, § 76; *Andrews* v. *Ætna Life Ins. Co.*, 92 N. Y. 596; *Atlee* v. *Bartholomew*, 69 Wis. 43.

*Gilfillan, Belden & Willard*, for respondent.

The finding that the check was delivered contrary to instructions is abundantly supported by the evidence, and whether the acts of the agent were *apparently* within the scope of his authority, so as to estop defendant, would require further findings which the court will not supply.    *Smith* v. *Kipp*, 49 Minn. 119.

There was no consideration for the check.    The vendor is attempting to enforce a contract that is void for want of mutuality.    The fact that the action is upon a check given by the vendee does not change the character of the controversy.    A check is not payment. *Good* v. *Singleton*, 39 Minn. 340; *National Bank* v. *Chicago, B. & N. R. Co.*, 44 Minn. 224.    Nor does a check or note, like a sealed instrument, establish a consideration; they merely presume one.    This presumption is rebuttable.    In any event the vendor can enforce the check or note of the vendee, for purchase money on a void contract, only by showing his own ability and willingness to perform, which must exist up to the time of the trial, or the consideration has failed.

The findings show that plaintiff refused to perform after April 2, 1891. The contract could not be ratified by the vendor so as to bind the vendee without the consent of the vendee, especially after the vendee had notified the vendor that he would not be bound by it. *Dodge* v. *Hopkins,* 14 Wis. 630; Mechem, Agency, § 179; *Atlee* v. *Bartholomew,* 69 Wis. 43; *Wilkinson* v. *Heavenrich,* 58 Mich. 574.

MITCHELL, J. Plaintiffs' assignments of error are exclusively of two classes: *First,* that the court erred in making certain findings of fact; and, *second,* that it erred in certain of its conclusions of law. The first were not discussed by counsel, either in his brief or in his oral argument, and he has nowhere attempted to point out wherein these findings were erroneous. These assignments of error must, therefore, be deemed abandoned, and the facts as found must be taken as correct.

Hence the case comes down to the single question whether the conclusions of law are justified by the findings of fact. These findings completely establish the defense that the check in suit was never delivered. Consequently, the legal question which plaintiffs' counsel principally discusses is not involved, and need not be considered in the determination of this appeal.

It appears from the findings that the check was given to Willard with instructions to deliver the same when a written contract for the sale of certain real property by George H. Hoit, Jr., to the defendant was drawn up and properly executed; that this contract never was executed by Hoit, or, in his behalf, by any one having authority to do so, but that Willard nevertheless, contrary to defendant's instructions, did deliver the check; that, as soon as defendant discovered that the check had been delivered without the contract referred to having been executed by Hoit, he repudiated his liability thereon, and notified Hoit that he would not pay it. This being so, the defendant cannot be held on the check, unless he in some way subsequently ratified Willard's act, or is by his conduct estopped from denying Willard's authority to deliver it. But the findings affirmatively negative any such ratification, or any facts that would create an estoppel, for it is found that defendant's promises to pay the

check were all made before he had been informed that the contract, which constituted the consideration for it, had not been executed by Hoit; and it also appears that Hoit, through his agent, knew the terms and conditions upon which the check was given to Willard, and also knew when he received the check that those terms and conditions had not been complied with, and, consequently, that Willard had no authority to deliver the check. Under such a state of facts, it is very clear that there is no foundation whatever for claiming either a ratification or an estoppel. The attempt of Hoit, after defendant had already repudiated the act of Willard, and after the commencement of this action, to ratify the unauthorized act of Fred C. Hoit in assuming to execute the contract in his behalf, could not have the effect of validating the unauthorized act of Willard.

Order affirmed.

(Opinion published 52 N. W. Rep. 918.)