# Tarwater *v.* Going *et al.*

*Bill in Equity to cancel Deed and remove Cloud from Title.*

1. *Delivery essential to complete execution; when deposit with third person does not constitute delivery.*—Delivery is essential to the complete execution of a deed, and the mere deposit of a written conveyance, complete in every respect as a deed, with a person other than the one named as grantee or his agent, unaccompanied with any intention of passing title, is

not such a delivery as is necessary to constitute a deed; nor will an unauthorized transfer of the possession of such deed from such person to the named grantee, constitute such delivery.

2. *Bill to remove cloud from title; necessary that complainant should be in possession.*—In order to maintain a bill in equity for the purpose of cancelling and setting aside a deed or other instrument as a cloud upon the title of the complainant, it is necessary that the complainant should allege in his bill and prove that he was in the actual possession of the land.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. JOHN C. CARMICHAEL.

The bill in this case was filed by the appellant, Mary E. Tarwater, against John S. Going and G. W. Mills, J. M. Perkins and A. L. Fort, and prayed to have a certain deed which purported to have been executed by the complainant to the defendant, Perkins, set aside, cancelled and annulled as a cloud upon the complainant's title to the land described in said deed. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

The defendants moved to dismiss the bill for the want of equity, and upon the submission of the cause upon this motion, the chancellor rendered a decree granting the same and ordered the bill dismissed.

From this decree the complainant appeals, and assigns the rendition thereof as error.

J. H. SAVAGE and SMITH & SMITH, for appellant. The bill in this case is to cancel an apparently valid instrument, which was obtained by fraud, and which, if not cancelled, clothes the grantee with power to defeat complainant's title by a sale to an innocent purchaser; the fraud being practiced between complainant's agents and the grantee. Equity has jurisdiction of this case. *Andrews v. Frierson,* 134 Ala. 626.; *Cannon v. Gilmer,* 135 Ala. 302; *McLeod v. McLeod,* 137 Ala. 267; *Harraway v. Harraway,* 136 Ala. 499. See also *Letohatchie Baptist Church v. Bullock,* 133 Ala. 549; *Treadwell v. Torbert,* 133 Ala. 504.

No counsel marked as appearing for appellee.

SHARPE, J.—According to the averments of the amended bill, Mills and Going having no authority from complainant to sell her land, pretended to her that they had sold it to Perkins; that she was legally bound to make a deed for the land to him and that a bill was being prepared for filing which would force her to sign such deed. Through fear of such threat of litigation and acting under advice and persuasion of her husband, complainant signed a deed, and Mills and Going, without authority to do so, delivered same to Perkins without his paying the consideration therein named. After this suit was commenced and before the last amendment thereof Perkins conveyed the land to Fort by a deed purporting to antedate the commencement of this suit. These acts of defendants are alleged to have been done in pursuance of a conspiracy on their part to defraud complainant. It is further alleged that the lands have never been in possession of defendant or either of them; that they are "in the woods and uninclosed and in the actual possession of no one."

Assuming the truth of these averments the instrument called a deed never having been delivered to Perkins by complainant or by her authority was ineffective to divest her of title. Delivery is essential to the complete execution of a deed, and a mere deposit of a writing complete in other respects as a deed with a person other than the one named as grantee or his agent, when unaccompanied with any intention of passing title, is not a delivery such as is necessary to constitute a deed. *Ashford v. Prewitt,* 102 Ala. 264.

Nor will an unauthorized transfer of the possession of such writing, from such third person to the named grantee constitute such delivery.—*Fuller v. Hollis,* 57 Ala. 435; *Henry v. Carson,* 96 Ind. 412; *Harkreader v. Clayton,* 56 Miss. 383; 31 Am. Rep. 369.

No conveyance being alleged it is unnecessary to consider whether the conduct charged against defendant would, if resulting in a conveyance, furnish ground for restoring title to complainant. The special prayer in

the bill for such relief is inappropriate. Existing in form of a deed the writing in question may cloud complainant's title, but the bill considered as brought for the removal of such cloud is insufficient in that it does not allege complainant is in possession of the land and in that respect fails to conform either to the statutory provisions for quieting title, or to the rule which independent of statute requires a complainant in a bill filed solely to remove a cloud from a title which is legal and which gives a right of present possession, to allege he is in actual possession of the land. Of this rule the court said in *Thorington v. City Council*, 82 Ala. 591, "it is settled in this State beyond further dispute." See also *Belcher v. Scruggs*, 125 Ala. 336; *Worthington v. Miller*, 134 Ala. 420; *Daniel v. Stewart*, 55 Ala. 278; *Arnett v. Bailey*, 60 Ala. 435.

As now exhibited the bill is without equity. The decree dismissing same will be modified so as to make the dismissal without prejudice, and as modified it will be affirmed.

Affirmed.