(76 South. 949)

GIBSON et al. v. GIBSON et al. (4 Div. 672.)

(Supreme Court of Alabama. Nov. 15, 1917.)

1. ESCROWS ⟨⟩14(1) — DELIVERY — TRANSFER OF POSSESSION.

Where the deed was delivered in escrow, and the grantee failed to perform his part of the agreement on which delivery was dependent, there could be no vesting of title in grantee; transfer of possession by depositary to grantee being insufficient to constitute delivery.

2. DEEDS ⟨⟩58(4)—EXECUTION—DELIVERY.

The mere deposit of a conveyance without the intention to pass title is not a sufficient delivery to vest title in the grantee.

3. VENDOR AND PURCHASER ⟨⟩220 — BONA FIDE PURCHASER.

To be a bona fide purchaser, and as such entitled to protection against equities, one must have purchased the legal title to the lands.

4. SUBROGATION ⟨⟩23(6)—PAYMENT OF PURCHASE PRICE FOR LAND.

The deed and a check of third persons for the purchase price of the land having been delivered in escrow to be held until a mortgage to secure the purchase price was executed by the grantee and delivered to the makers of the check, where the deed and check were delivered, but the mortgage not executed, the makers of the check were subrogated to the vendor's lien discharged by payment of the check.

Appeal from Chancery Court, Crenshaw County; O. S. Lewis, Chancellor.

Bill by Sam Gibson and others against R. M. Gibson and others. Decree for complainants, and defendants appeal. Affirmed.

Frank B. Bricken, of Luverne, for appellants. G. O. Dickey, of Luverne, for appellees.

THOMAS, J. The bill is to declare a resulting trust in the lands in question, paramount to the mortgage of the respondent bank.

[1] The deed from Henderson and Hill was executed to appellant Gibson and, by agreement, was to be delivered to Mr. Ivey as an escrow. It not having been delivered to the grantee, Gibson, nor to any one for him, and such grantee having failed to perform his part of the agreement, the condition on which delivery was dependent, there was no vesting of the title in R. M. Gibson. Tar-

water v. Going, 140 Ala. 273, 37 South. 330; Fuller v. Hollis, 57 Ala. 435.

[2] Delivery is essential to the complete execution of a deed, and the mere deposit of the conveyance, complete in all respects as a deed, without the intention of passing the title, is not a sufficient delivery to vest title in the grantee named therein. Gulf Coal & Coke Co., 145 Ala. 228, 40 South. 397; Culver v. Carroll, 175 Ala. 469, 476, 57 South. 767, Ann. Cas. 1914D, 103.

[3] To be a bona fide purchaser, and as such entitled to protection against equities, one must have purchased the legal title to the lands. Warren v. Liddell, 110 Ala. 232, 20 South. 89; Ketchum v. Creagh, 53 Ala. 224; Smith v. Perry, 56 Ala. 266, 269; Shorter v. Frazer, 64 Ala. 74, 81; Vattier v. Hinde, 7 Pet. 252, 271, 8 L. Ed. 675; 3 Rose's Notes U. S. Sup. Ct. Rep. 375. Not having acquired the legal title from R. M. Gibson, but merely his equity in the land, the Farmers' Bank, in and by its mortgage, had only a subordinate equity to the older equity of Sam and Ben Gibson.

[4] Moreover, the agreement as to the delivery to Mr. Ivey of Sam and Ben Gibson's check for the purchase price of the land, with the condition that the deed of Henderson and Hill be held by Ivey until a mortgage to secure the purchase price was executed on said lands by R. M. Gibson and wife and delivered to Sam and Ben Gibson, had the effect, on the failure to so execute and deliver the mortgage, to subrogate Sam and Ben Gibson to the vendor's lien discharged by the payment of Gibson's check. Woodruff v. Satterfield, 199 Ala. 477, 74 South. 948.

Let the decree of the chancellor be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.