(81 South. 549)

BROOKS v. GREIL BROS. CO.    (3 Div. 280.)

(Supreme Court of Alabama.    Feb. 6, 1919.
Rehearing Denied April 17, 1919.)

**1. HUSBAND AND WIFE ☞232(1) — WIFE'S PROPERTY — RENT NOTES — PURCHASER FOR VALUE—BURDEN OF PROOF.**

Where husband had leased wife's property in his own name and taken rent notes payable, in cotton, to himself, wife suing purchaser of notes for value, for cancellation of notes, and for accounting for rent collected, has burden of showing that purchaser had actual or constructive notice of her equity.

**2. HUSBAND AND WIFE ☞138(3) — WIFE'S PROPERTY — RENT NOTES IN HUSBAND'S NAME—NOTICE TO PURCHASER.**

Where husband, who had authority from wife to manage and to rent out her property, had for some years assigned rent notes to his creditor as collateral security for his indebtedness, and creditor without objection by wife had collected the rent, creditor was justified in assuming from past experience that husband was authorized to take and use rents, and took rent notes in husband's name without notice of trust in wife's favor, and was entitled to notes and rents collected.

**3. HUSBAND AND WIFE ☞138(8) — WIFE'S PROPERTY—RENT NOTE IN HUSBAND'S NAME —ESTOPPEL.**

Where wife had given husband unrestrained control of her property and had permitted him for 15 or 20 years to appropriate rents to his own use, she was estopped as against purchaser for value of rent notes payable to husband from asserting that husband had no authority to take rent notes in his own name and appropriate them to his own use.

Appeal from Chancery Court, Lowndes County;  O. S. Lewis, Chancellor.

Bill by Mrs. Mary B. Brooks against the Greil Bros. Company for an accounting and to declare a trust. . Decree for respondent, and complainant appeals. Affirmed.

The bill shows that Mrs. Brooks was the owner of a farm in 1908, and that for many years she had intrusted her husband, C. E. Brooks, with the authority to lease it and collect the rent, but without any authority to lease it in his own name or to dispose of the rent in his own name for the payment or security of his own debts; that in September, 1908, her said husband leased said farm to one Crenshaw for a period of five years at an annual rental of 33 bales of cotton, and the lease was made in the name of C. E. Brooks, and the several rent notes were made payable to him; that he thereupon transferred said note to Greil Bros. Company as a matter of security for his indebtedness to them; and that they collected said rent from 1909 and part of the rent for 1910, and claimed the right to collect said rent for the years 1911, 1912, and 1913. It is denied that

complainant authorized or knew of said lease and note being made in her husband's name, or that she knew of said transfer of the note to respondent until just before the filing of this bill, or that she had ever in any way ratified the same. It is alleged that, at the time of said lease, said Crenshaw had notice that complainant was owner of said farm, and as such entitled to the rent; and also that, at the time said Crenshaw gave the note by C. E. Brooks to respondent, respondent had notice that complainant was owner of said land, and that as such owner she was entitled to the rent arising therefrom. The theory of the bill is that respondent became a trustee in invitum of all the rent collected by it which in equity belonged to complainant. The prayer is for a cancellation of the lease and the rent note, for an accounting by respondent for the rent collected, and for an injunction forbidding said Crenshaw from paying any rent to respondent Greil Bros. Company, and forbidding the respondent from collecting any of the rent.

The defenses set up in the answer and pleas decide a specific denial of all the averment upon which complainant bases her right to recover the rent are:  (1) That respondent corporation acquired the rent notes in good faith, for value, and without notice of complainant's alleged equity; and (2) that complainant's conduct for 10 or 20 years previously gave consent to the transaction complained of and amounts to an estoppel in pais.

Plea 7 is as follows:

That for a period of, to wit, 20 years next before the filing of the bill in this cause, the complainant had intrusted to her husband, C. E. Brooks, with whom she was during said period living as husband and wife, the entire management and control of the plantation mentioned in the bill of complaint, and authorized him to rent out the same from year to year, or for a term of years, during such period for such rental and upon such conditions as he saw fit, and permitted him during said entire period to collect, deal with said rent money, and to appropriate the same to his own use, or to the use of himself and family, as he saw fit; that during said period, to wit, during the year 1903, the said C. E. Brooks, with the knowledge of complainant, rented the said plantation to one W. A. Crenshaw for the years 1903, 1904, 1905, 1906, and 1907; that the said C. E. Brooks took the lease and rent notes of the said W. A. Crenshaw in his own name, and during said period transferred and assigned the same to the respondent for value; that complainant permitted this respondent to collect the said rents annually during said period from the said Crenshaw without any protest or objection made known either to the said tenant or this respondent; and this respondent avers that complainant never at any time made any objections whatever to the disposition by her husband of the said rents, nor the proceeds therefrom, so far as was known to either this re-

spondent or the said tenant, until after the notes involved in this suit had been transferred and assigned to this respondent, and until after the said C. E. Brooks had been adjudged a bankrupt, to wit, September in the year 1910; that the lease here involved was made by the said C. E. Brooks in his own name to the said Anderson Crenshaw, and the rent notes from the said Anderson Crenshaw were made payable to and in the name of the said C. E. Brooks and without any notice of any objection on the part of complainant to the disposition made by the said C. E. Brooks thereof.

Wherefore this respondent says that the complainant is estopped from now asserting as against this respondent the demand in her said bill set forth.

The chancellor denied relief and dismissed the bill.

Powell & Hamilton, of Greenville, for appellant.

Steiner, Crum & Weil, of Montgomery, for appellee.

SOMERVILLE, J.  This case has been here, on demurrer to the bill of complaint, on two former appeals. Greil Bros. v. Brooks, 176 Ala. 577, 58 South. 552; Brooks v. Greil Bros., 192 Ala. 235, 68 South. 874.

On the last appeal, it was held that the bill was sufficient to show that Greil Bros. Company, the respondent corporation, held the rents as a trustee in invitum in favor of the complainant, and the issue was thus stated by Mr. Justice Thomas:

"Whether the case be decided on the theory of a constructive trust, or on that of an unauthorized sale and transfer of a nonnegotiable rent note by an agent, the transferees of the notes must account therefor to the real owner, unless they can show that they were bona fide purchasers for a valuable consideration, and without notice of the rights of the real owner, or without knowledge of facts that would put a reasonably careful man on inquiry which, if pursued, would lead to a knowledge of the ownership of the rent notes in question."

[1] The evidence shows that Greil Bros. Company was a purchaser for value of the rent notes. It was therefore incumbent upon complainant to show that the purchaser had actual or constructive notice of the equity asserted. Ely v. Pace, 139 Ala. 293, 298, 35 South. 877.

It may be conceded, for the purposes of the argument, that Greil Bros. Company was pre-informed that complainant was the owner of the farm; and, further, that, if this were all, it was thereby charged with the duty of inquiring as to the real ownership of the rent notes, and as to the authority of the husband to dispose of them as he was doing in satisfaction of, or as security for, his individual debts.

The question then arises: Were there any other facts known to the purchaser, which reasonably indicated that complainant's husband either owned the rent, or was author-ized to dispose of it as he willed, and thereby justified the omission of further inquiry by the purchaser?

The evidence shows that complainant's husband was engaged in business continuously from 1903 to 1910, and that he was all the while buying merchandise from Greil Bros. Company; that in 1903 he leased complainant's farm to one W. A. Crenshaw for five years in his own name, and took rent notes for cotton payable to himself; and that these notes were assigned to Greil Bros Company as collateral security, just as in the present case. These notes were collected by Greil Bros. Company from year to year, and no opposition was ever manifested by complainant to that transaction, although it covered a period of five years. It is inconceivable, to the ordinary mind at least—and must have been so to this respondent—that her husband could have exercised such authority and pursued such a course of dealing with respect to her property, without her knowledge and consent, express or implied. We think the respondent company was fully justified in assuming, in view of its past experience, that complainant's husband was authorized by her to take her rents and use them in his business as he might see fit.

We so ruled in the case of Brooks v. Greil Bros. Co., 179 Ala. 459, 470, 60 South. 389, wherein this complainant was suing this respondent, Greil Bros. Company, in assumpsit, for the rents collected by it as assignee of the W. A. Crenshaw rent notes. In that case the facts were substantially the same as here, with this difference, viz., that here we have superadded the five years' course of dealing with the W. A. Crenshaw notes. It was there said:

"It is true the defendants may have known that the cotton came off the wife's lands, but they had every reason to believe that the plaintiff had given her husband the authority to do what he did, or was ratifying his act each year; and, unless these defendants knew that the said husband was breaching the trust reposed in him by using the rent instead of paying off the mortgage on the land, they would not be liable in this action. First Nat. Bk. v. Nelson, 106 Ala. 535, 18 South. 154."

[2] Our conclusion is that, on the facts here shown, Greil Bros. Company was not chargeable with notice of the trust in favor of complainant, and cannot be required to account for rents collected, nor deprived of their property in the notes.

[3] Taking a broader view of the case, we think that complainant's conduct with respect to her husband's unrestrained control of her property, and his unhindered appropriation of its rents to his own uses, for 15 or 20 years, which her own testimony shows she could not have failed to know and understand, works against her a complete estoppel in favor of those who have dealt with her husband as with one having authority.

Brooks v. Greil Bros. Co., 179 Ala. 471, 60 South. 389.

This form of estoppel is usually expressed by the maxim that, where one of two innocent persons must suffer by the act of a third, he who has enabled the third person to occasion the loss must sustain it.

To permit complainant to now deny the right of her husband to do that which she had suffered him to do for many years would violate the maxims of equity, and result in a much greater fraud than that of which she complains. It is of no consequence that she did not definitely know just how he was framing the leases, nor to what persons he was disposing of the rents. She knew that he was not applying them to her mortgage indebtedness, and that he was therefore using them for his own purposes, and presumptively in his own business.

We have no fault to find with the principles of law so ably marshaled by complainant's counsel in support of her claim. Our denial of the relief sought is not based upon any rejection of these principles, but upon the conduct of complainant alone.

Let the decree of the chancery court be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.