(85 South. 735)

**A. S. KNOWLES DRY GOODS CO. v. GUNTER et al. (3 Div. 431.)**

(Supreme Court of Alabama. June 3, 1920. Rehearing Denied June 30, 1920.)

1. **Estoppel ⟺95 — Silence estopped lessor to claim improvements improperly constructed.**

Where lessor, who leased land for a term of years in consideration of a certain rental and the construction of a building on the land at a certain cost, stood by while the building was being constructed and remained silent, he was estopped by his silence, after the expiration of the term, to claim that the building did not comply with the contract.

2. **Estoppel ⟺95—Fraud not essential to estoppel by silence.**

Fraud is not essential in cases of equitable estoppel arising out of negligent silence, for negligent silence alone, coupled with both an opportunity and a real or apparent duty to speak, suffice for the creation of the estoppel, if the other party is induced by such silence to act to his prejudice.

3. **Contracts ⟺170(1) — Practical construction by parties entitled to great weight.**

Where the parties have given a contract a practical construction by their conduct, such construction is entitled to great weight in determining its proper interpretation.

4. **Landlord and tenant ⟺41—Landlord held to have acquiesced in construction of lease as to manner of constructing building.**

Where a lot was leased for a term of years in consideration of a certain rental and a construction of a building at a certain cost, and in pursuance thereof lessee constructed a building, lessor standing by and saying nothing as to the manner of construction, lessor must be *held* to have acquiesced in the construction of the contract as made by the lessee in constructing the building as he did, and such practical construction is entitled to great weight in determining proper interpretation of the lease.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by Charles P. Gunter and W. A. Gunter, Jr., as surviving partners, against the A. S. Knowles Dry Goods Company for damages. Judgment for plaintiffs and defendant appeals. Reversed and rendered.

Appellant, a corporation, was on September 9, 1907, conducting a department store in a building facing on the south side of Dexter avenue in Montgomery, and had been so engaged for a number of years. Immediately in the rear of this building, and facing on Washington street, appellees owned a lot about 45 feet in width, running back from Washington street to the building occupied by appellants about 160 feet, upon which lot were some scant improvements.

Appellant needed more space for its business and after negotiations entered into a written contract on the above-named date with appellees, wherein the latter leased to the appellant the said lot facing on Washington street for a term of 10 years, at an annual rental of $1,000, payable in monthly installments and the further consideration that appellant would construct on said premises a building to cost not less than $8,000, the contract, in paragraph 2, using this language:

"Said company as part consideration for this contract agrees and binds itself to erect upon said premises a brick building and improvements to cost not less than eight thousand dollars, and to pay for the same in such manner that no part of the cost thereof shall become a lien upon said real estate."

⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

In paragraph 5 the company agreed to keep said building and improvements insured during the term of the lease for not less than $8,000, and in case of total destruction the proceeds were to be used in the reconstruction of the building and improvements with reasonable diligence, or the company might pay over to the lessors the proceeds of said insurance and terminate the lease. Paragraph 8 provided that at the termination of the lease the building and improvements erected should become the property of the owner; the company, however, having the right to remove all personal property belonging to it, including store fixtures and shelving, but not light and heating appliances.

Appellees' lot was on a level with Washington street, and gradually slanted to the rear of the premises occupied by appellant, some 3 or 4 feet below the level of the premises. Within three months after the execution of the contract appellant began the excavation of the lot, completing that part of the work about February 1, 1908. The construction of the building began in June, 1908, and was completed in October of the same year. The building was of brick costing something over $11,000, two stories in height, and connected with the building occupied by appellant facing on Dexter avenue but was without a rear wall—being connected with appellant's building so as to make practically one continuous building—and was constructed under the supervision of the city engineer.

The lot was excavated some 5 or 6 feet below the level of Washington street. The building as erected had the lower floor some 5 or 6 feet below the level of Washington street, and about 15 feet from the line of said street, with a second floor 14 feet above the ground floor. Steps led from Washington street down to the ground floor; and to reach the second floor from said street the ascent would be about 8½ feet. The building has a glass front, and was used by appellant in connection with its department store business until the spring of 1917, when the Dexter avenue store was vacated and leased to Woolworth Company. The latter company does not use the building on Washington street, and has erected a brick wall separating their store from that of appellees.

Appellees brought this suit against the appellant to recover damages for failure on the part of appellant to erect such building on said lot as was contemplated and agreed between the parties. The cause was heard upon testimony taken by deposition, and submitted to the court without a jury, resulting in a judgment for something over $10,000, from which this appeal is prosecuted.

The evidence for the plaintiffs tended to show that it would cost the amount for which judgment was rendered to remodel the building so as to make it useful as a store facing Washington street; and that as respects its connection with Washington street the building is of little, if any, practical advantage and cannot be rented for business purposes. There was evidence for defendant to the contrary and to the effect that in fact the rental value of the store was not greatly affected by reason of the manner of its construction, and that it was useful for business purposes on Washington street; that the building is substantial and has an attractive front, etc. Defendant's evidence also tended to show that to construct the building as contended by plaintiffs it would not have been useful for defendant's purpose, which was in connection with its Dexter avenue store.

The following agreement as to certain facts appears in the bill of exceptions:

"For the purpose of this trial, it is admitted, and no proof is required to establish the following facts:

That all during the year 1907 and ever since, Charles P. Gunter, one of the plaintiffs, was a resident of the city of Montgomery, and actively engaged in the real estate business in the city of Montgomery; that all during the years 1907 and 1908 Gaston Gunter, one of the plaintiffs, was mayor of the city of Montgomery; that while the excavation for the building mentioned in the complaint was being made, and while the building was being constructed, these two plaintiffs passed and repassed this place and saw its construction, and afterwards, and have never made any complaint, objection, or suggestion of any kind to the defendant, or any one else, as to its construction until after the termination of the lease contract.

"It is further admitted that this building was fully constructed and completed as it stands to-day and at the time of the bringing of the suit, during the year 1908.

"It is further admitted that while the lease contract was in existence, defendants, in accordance with the terms of this lease contract, made the payment of the rents as provided for in the lease contract to the complainants. It is further admitted that defendant complied with paragraph 5 of the lease contract."

Hill, Hill, Whiting & Thomas, of Montgomery, for appellant.

As to the construction of the contract, see 28 Ala. 226; 39 Ala. 156; 50 Ala. 206; 58 Ala. 636; 63 Ala. 30; 65 Ala. 382; 98 Ala. 92, 17 South. 723; 53 South. 819; 157 Ala. 311, 47 South. 581; 191 Ala. 339, 69 South. 609; 13 C. J. 525; 6 R. C. L. 835. The intent of one of the parties cannot aid the court in construing the contract. 28 Ala. 226; 33 Ala. 265; 129 Mo. App. 325, 108 S. W. 628; 96 Va. 693, 32 S. E. 485, 44 L. R. A. 297. But where both parties by their conduct have construed the contract, it has controlling weight. 70 Ala. 136; 115 Ala. 258, 22 South. 81; 198 Ala. 57, 73 South. 423; 6 R. C. L. 852, 853. Appellees are estopped from maintaining this action. 107 Ala. 585,

19 South. 56; 130 Ala. 205, 30 South. 596, 89 Am. St. Rep. 27; 77 Cal. 319, 19 Pac. 523, 1 L. R. A. 826; 94 Ala. 170, 10 South. 325, 16 L. R. A. 813, 33 Am. St. Rep. 105.

W. A. Gunter and Ball & Beckwith, all of Montgomery, for appellees.

For the definition of equitable estoppel, see 145 U. S. 368, 12 Sup. Ct. 873, 36 L. Ed. 738; 4 A. & E. Dec. Eq. 267, 268; 107 Ala. 585, 19 South. 56; 102 U. S. 68, 26 L. Ed. 79; 91 Ala. 569, 8 South. 690. The meaning cannot be enlarged for the purpose of creating an estoppel. 64 Cal. 246, 30 Pac. 811; 33 Conn. 61; 50 Ga. 109; 65 Iowa, 267, 21 N. W. 600; 55 Miss. 571; 70 Mo. 439; 76 N. Y. 410; 63 Wis. 399, 23 N. W. 579; 63 Ala. 585; 31 Ala. 428. The question here is one of law, and the principles relied upon are expressed in the case of Smith v. Smith, 157 Ala. 88, 47 South. 220, 25 L. R. A. (N. S.) 1045; 11 Cent. Dig. 702; 133 Iowa, 71, 110 N. W. 287, 8 L. R. A. (N. S.) 1140, 12 Ann. Cas. 387; 173 Fed. 855, 97 C. C. A. 465, 35 L. R. A. (N. S.) 8; 166 U. S. 320, 17 Sup. Ct. 540, 41 L. Ed. 1007; 66 Ala. 189; 93 Ala. 378, 9 South. 594; 102 Ala. 559, 15 South. 275; 117 Ala. 517, 23 South. 785; 166 Ala. 307, 51 South. 964; 192 Ala. 42, 68 South. 317, Ann. Cas. 1917D, 863; 78 U. S. (11 Wall.) 112, 20 L. Ed. 65; 19 Ala. 146. The case was tried without a jury, and hence the judgment stands unless clearly erroneous. 16 Ala. App. 214, 77 South. 52.

GARDNER, J. This suit is for breach of contract, the material portions of which will appear in the statement of the case. The part of the contract which constitutes the subject-matter of this litigation relates to the agreement of appellant, as part of the consideration of the lease contract, to erect upon the lot of appellee a brick building, improvements to cost not less than $8,000.

It is conceded that the defendant did in fact comply with the strict letter of the contract by erecting a brick building upon the premises costing more than $8,000; but it is insisted by the plaintiffs that the erection of the building in the defective manner, as pointed out in the complaint and as shown by the proof, was a violation of the spirit and true meaning of the contract as contemplated and understood by the parties at the time of its execution; that it was intended and understood that the building would be a brick store fronting in the customary manner on Washington street, so as to be used for ingress and egress, with a floor on a level with the sidewalk, and customary walls on each side of the building; and that, in short, the structure should class with the fundamental requirements of storehouses suitable for business at that point.

Upon the other hand, the appellant relies upon those authorities (Lee v. Cochran, 157 Ala. 311, 47 South. 581; Henderson v. Murphree, 109 Ala. 556, 20 South. 45) recognizing the principle that where a contract is plain and unambiguous the court is without power to alter the agreement by judicial construction; and that, in fact, if any construction is to be had, it should be construed as authorizing the erection of this brick building with its relation to the building occupied by appellant facing on Dexter avenue. Appellant also pleaded and relies upon the doctrine of equitable estoppel as a defense to this action. The argument of counsel for appellees in support of their insistence as to the proper construction of this contract is most plausible and the writer upon first consideration was very much impressed therewith, but, upon more mature deliberation and in consultation of this cause by the entire court, the conclusion has been reached, for reasons hereinafter stated, that the plaintiffs in the court below were not entitled to maintain this suit.

The evidence is without dispute that at the time of entering into the lease contract plaintiffs' lot contained but scant improvements. The lease contract provided for the payment of $1,000 per year as rent for a period of 10 years, and the erection of a brick building, without further description, to cost $8,000. The plaintiffs must have known, as was disclosed by the undisputed evidence, that the defendant was to use the building to be erected in connection with its store facing on Dexter avenue. The lease contract was entered into September 9, 1907, and within three months thereafter defendant began the excavation of the lot, excavating to the depth of 5 or 6 feet below the level of Washington street and completing that part of the work on February 1, 1908. The construction of the building was begun in June, 1908, and completed in October of the same year. It was a brick building costing over $11,000, two stories in height, connecting with defendant's building on Dexter avenue, and erected some 15 feet from the Washington street line.

The agreed statement of facts, which appears in the statement of the case, discloses that two of the plaintiffs all during the years 1907 and 1908 were residents of Montgomery, and while the excavation was being made and the building being constructed passed and repassed this place, saw its construction, and made no complaint or objection of any kind to the defendant or any one as to its construction until after the termination of the lease contract. It is further shown that, during the entire existence of the lease, payments of rent of $1,000 per year, payable monthly, were duly made in accordance with the terms of the contract. The other plaintiff, not referred to in the agreed statement of facts, testified that his brother C. P. Gunter called his attention to the fact that the ex-

cavation was below the surface of the street, but at that time the excavation was completed and the building partly erected.

[1] We are of the opinion that those facts are sufficient to establish · that negligent silence which may become the foundation of an equitable estoppel. The principle of estoppel by silence is well recognized, and the authorities numerous. 21 R. C. L. 692, 695; Town of Brookhaven v. Smith, 118 N. Y. 634, 23 N. E. 1002, 7 L. R. A. 755, and note; Bigelow on Estoppel, 583–588. The principle is also well recognized by our own authorities, as, in Tobias v. Josiah Morris & Co., 126 Ala. 535, 28 South. 517, the court said:

"Negligent silence may work an estoppel as effectually as an express representation. * * * So too acts or conduct, though nothing is said, if they are calculated to mislead, and do in fact mislead, will work an estoppel, notwithstanding there was no intention to do so."

See, also, Brooks v. Greil Bros. Co., 179 Ala. 459, 60 South. 387; Id., 202 Ala. 607, 81 South. 549.

The case of Forney v. Calhoun County, 86 Ala. 463, 5 South. 750, is doubtless more nearly in point. The respondent in that bill had dedicated to the county his interest in certain lands for the erection of a courthouse; he insisting that the dedication was upon the condition that the building should be erected in the center of the block, while the county contended that the dedication was unconditional. The building was not erected in the center of the block, and after its completion suit in ejectment was brought and injunction sought by the county against the prosecution of that suit. The injunction was rested upon the doctrine of equitable estoppel, and based upon the theory that the defendant saw the building from day to day in course of construction, frequently passing and repassing, knew who had charge of the work, and made no complaint and expressed no dissatisfaction as to the location. As stated in the opinion in that case:

"Every additional brick added to the structure was an argument against the defendant's silence, and each stroke of the carpenter's hammer a voice commanding him to speak."

Under these facts the court had no hesitancy in holding that the negligence on the part of the owner in failing to make seasonable objection was such as to raise against him an equitable estoppel, for he must have known that the county was induced by his conduct to believe that he had waived his objection as to the location of the building.

[2] Fraud is not essential in cases of this character, for such negligent silence alone, coupled with both an opportunity and a real or apparent duty to speak, suffice for the creation of the estoppel, and the other party is thereby induced by such silence to act to his prejudice.

It is no answer to this contention to say that the lease was for a period of 10 years, and that the plaintiffs were not to be consulted or to take any part in the erection of the building, for it is clear that only the erection of one building was in contemplation. They saw its location, the manner of its construction, its substantial character, that it was being erected with relation to the building occupied by defendant facing Dexter avenue, and that in fact the defendant was acting within the letter of the contract, but made no complaint or suggestion of dissatisfaction. Defendant expended more than $3,000 in excess of the sum required, and rents were collected during the entire period, payable monthly, by the plaintiffs. Under these circumstances we are persuaded that the doctrine of equitable estoppel must bar the plaintiffs of relief.

[3] There is another principle recognized in the construction of contracts to the effect that where the parties have given it a practical construction by their conduct, such construction is entitled to great weight in determining its proper interpretation. 13 Corpus Juris, 546; Birmingham W. & W. Co. v. Windham, 190 Ala. 634, 67 South. 424; Birmingham W. & W. Co. v. Hernandez, 196 Ala. 438, 71 South. 443, L. R. A. 1916E, 258. "Where the question is what construction shall be placed on an agreement where its terms are not clearly defined, the acquiescence of one party in the other's known construction and compliance with his demands is illuminative." 13 Corpus Juris, 549; Mutual Reserve Fund L. Asso. v. Taylor, 99 Va. 208, 37 S. E. 854.

[4] So here it was made clear to plaintiffs that defendant construed the contract as authorizing the erection of the brick building with relation to the store then occupied by it facing on Dexter avenue, just as it was erected, and their conduct must be held to show an acquiescence on their part in this construction, and brings the case within the influence of the well-recognized rule above stated.

It therefore results the judgment was erroneous, and must be reversed, and one will be here rendered for defendant.

Reversed and rendered.

ANDERSON, C. J., and McCLELLAN, SAYRE, SOMERVILLE, THOMAS, and BROWN, JJ., concur.