(96 South. 622)

HARRIS v. GENEVA MILL CO.
(4 Div. 4.)

(Supreme Court of Alabama. Feb. 8, 1923. Rehearing Denied May 24, 1923.)

1. Escrows ⚫14(1)—No vesting of title by unauthorized delivery of deed where conditions unperformed.

Where a deed is delivered in escrow, and the grantee fails in performance of the agreement on which delivery depends, there can be no vesting of title in grantee by the unauthorized transfer by the depositary of possession of the conveyance to the grantee.

2. Evidence ⚫414, 417(17), 419(1), 424, 431—Exception to parol evidence rule enumerated.

Parol evidence is admissible to show the execution and true date of an instrument and the true consideration, date of delivery, or the fact that there was no delivery; nor does the rule exclude parol evidence in an action between a party to the instrument and a stranger.

3. Deeds ⚫194(2)—Deed found in grantee's possession presumed to be duly delivered.

When a deed is found in the possession of a grantee, the prima facie presumption is that it was duly delivered to him, such presumption being rebuttable; but it may be shown by parol that the grantee came into possession of the instrument in an unwarranted manner.

4. Escrows ⚫14(1)—Finding that escrow wrongfully delivered deed to grantee sustained.

Evidence held to sustain grantor's claim that the deed to the premises held in escrow had been wrongfully delivered to the grantee.

5. Escrows ⚫14(2)—Failure to object to delivery of deed held ratification thereof.

In an action of ejectment, depending upon whether a deed held in escrow had been improperly delivered to the grantee, the fact that the grantor had accepted and used the money forming the consideration for the transfer, and had made no objection, although having knowledge of the fact of delivery, held to amount to a ratification thereof.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Action in ejectment by Margaret Harris against the Geneva Mill Company. Judgment for defendant, and plaintiff appeals. Affirmed.

The contention of appellant is that her husband, W. H. Harris, acting as her agent, negotiated with W. F. Graves for the conveyance by appellant of the lands in controversy; that it was agreed by Harris and Graves that appellant would execute the conveyance in consideration of the payment by Graves of $1,000, and conveyance by him to appellant of certain described lots; that Graves claimed to own the lots; that Harris stated his understanding that the lots were owned by J. M. Jeter; that Graves told him to see Jeter, and, if the lots were his, he (Graves) would buy them; that appellant executed the conveyance, and that Harris and Graves carried the same to J. M. Jeter, cashier of the Citizens' Bank of Geneva, directing him to hold the same until Graves should pay him $1,000 and deliver deed to appellant to the lots in question; that Jeter was to pay off a mortgage of some $500, given by appellant to the Mid-Continental Life Insurance Company, out of the $1,000 to be

paid by Graves, and, after such payment, was to deliver appellant's deed to Graves, was not a part of the purchase by Graves and Graves' deed to appellant; that Graves paid the $1,000, Jeter discharged the mortgage, and placed the balance to the credit of appellant's husband. It is the further contention of appellant that Graves did not execute and deliver a deed to the lots in question, but that Jeter's successor as cashier of the bank, finding the deed from appellant to Graves, delivered the same to Graves, and that Graves thereafter conveyed to appellee.

The contention of appellee is that the conveyance of the lots by Graves to appellant was not a part of the purchase by Graves of the land in controversy, but that Graves agreed to buy the lots if he could, and convey to appellant's husband, or pay him in lieu thereof $50; that when the discussion about the lots came up the price for the land in controversy had already been fixed and agreed on; that the deed from appellant to Graves and Graves' check for $1,000 were delivered to Jeter with the direction that he pay off the mortgage to the insurance company, after which the deed from appellant should be delivered to Graves and the money paid by Graves delivered to Harris.

It is further contended by appellee that Harris or appellant did not make known to appellee, during construction of improvements on the land, that appellant claimed the land, and that appellant retained the cash consideration and made no offer to refund the same.

The trial court, sitting without a jury, rendered judgment for defendant, from which plaintiff prosecutes this appeal.

O. S. Lewis, of Dothan, for appellant.

Delivery is essential to the complete execution of a deed, and an unwarranted transfer of possession of a deed does not transfer the title. Tarwater v. Going, 140 Ala. 273, 37 South. 330; Culver v. Culver, 175 Ala. 469, 57 South. 767, Ann. Cas. 1914D, 103; Gibson v. Gibson, 200 Ala. 591, 76 South. 949. A deed delivered as an escrow can have no effect as a conveyance until the condition has been performed. Ashford v. Prewitt, 102 Ala. 264, 14 South. 663, 48 Am. St. Rep. 37. The presumption that, when a deed is found in possession of a grantee, it was duly delivered to him, may be rebutted by showing that the grantee came into possession of it in an unwarranted manner. Firemen's Ins. Co. v. McMillan, 29 Ala. 147; Fitzpatrick v. Brigman, 130 Ala. 453, 30 South. 500; Shorter v. Fraser, 64 Ala. 81.

W. O. Mulkey, of Geneva, for appellee.

When an escrow has been improperly delivered by or obtained from the depository, the grantor may ratify the delivery; and such ratification may be presumed, where the grantor remains silent when called on to speak. 10 R. C. L. 638; Dixon v. Bristol Bank, 102 Ga. 461, 31 S. E. 96, 66 Am. St. Rep. 193. And his conduct may be such as to create an estoppel in pais as to bona fide purchasers. Quick v. Milligan, 108 Ind. 419, 9 N. E. 392, 58 Am. Rep. 49; Hubbard v. Greeley, 84 Me. 340, 24 Atl. 799, 17 L. R. A. 511.

THOMAS, J. [1] Where a deed is delivered in escrow, and the grantee failed in performance of the agreement on which delivery was dependent, there can be no vesting of title in grantee by the unauthorized transfer of possession by depositary of the conveyance to the grantee. Gibson v. Gibson, 200 Ala. 591, 76 South 949; Jones v. First National Bank, 206 Ala. 203, 89 South. 437; Culver v. Carroll, 175 Ala. 469, 57 South. 767, Ann. Cas. 1914D, 103; Gulf Coal & Coke Co. v. Alabama Coal & Coke Co., 145 Ala. 228, 40 South. 397; Tarwater v. Going, 140 Ala. 273, 37 South. 330; Ashford v. Prewitt, 102 Ala. 264, 273, 14 South. 663, 48 Am. St. Rep. 37; Fuller v. Hollis, 57 Ala. 435.

[2, 3] The general rule prohibiting the variance of a written contract by parol evidence in litigation between the same parties to the writing, or their privies, is given expression in many decisions of this court that need not be cited. It is subject, however, to exceptions. The admission of parol evidence of the execution and the true date thereof, the true consideration (not to vary its nature), the date of delivery, or the fact that there was no delivery. The rule does not exclude such parol evidence in an action between a party to the instrument and a stranger, nor is it binding upon either of the parties in their controversies with third persons. Jones v. First National Bank, 206 Ala. 203, 207, 89 South. 437. However, when a deed is found in the possession of a grantee, the prima facie presumption is that it was duly delivered to him; such presumption being rebuttable, it may be shown by parol that the grantee came into possession of the written instrument in an unwarranted manner. Firemen's Ins. Co. v. McMillan, 29 Ala. 147; Wright v. Lang, 66 Ala. 389, 396; Jones v. Atkinson, 68 Ala. 167; Williams v. Higgins, 69 Ala. 517, 522; Corley v. Vizard, 203 Ala. 564, 84 South. 299.

In Fitzpatrick v. Brigman, 130 Ala. 450, 453, 30 South. 500, 501 (statutory ejectment), it was declared that one of the important questions for decision—

"is, whether the deed from Price to one Buck, through whom plaintiff claims to have derived his title by mesne conveyances, was delivered prior to the execution and recordation of the deed from Price to defendant. As delivery was necessary to convey title, if the deed was not delivered to Buck until after Price had executed the deed to the defendant, Buck got no title and of consequence conveyed nothing by his deed to Elder, from whom plaintiff got his deed.

Goodlett v. Kelly, 74 Ala. 213, 220. In short, a deed becomes effectual only, as a conveyance of the title, from the date of its delivery. It is true the presumption will be indulged, in the absence of evidence to the contrary, that the date of the deed, or where the acknowledgment necessary to its execution bears a different date, the date of the acknowledgment, is the date of its delivery. This presumption, however, is a disputable one, and the time of delivery may always be shown."

See Skipper v. Holloway, 191 Ala. 190, 67 South. 991; Veitch v. Woodward Iron Co., 200 Ala. 358, 361, 76 South. 124.

If the conveyance is duly acknowledged and recorded, the presumption of delivery attaches, which can be repelled only by evidence of the actual dissent of the grantee. Elsberry v. Boykin, 65 Ala. 336, 341. The intention of the grantor is the controlling element in case of a delivery to a third person (Gibson v. Gibson, 200 Ala. 591, 76 South. 949; 18 C. J. § 100, p. 205), and, if delivered to a third person for the use of the grantee, the delivery is consummated. Fitzpatrick v. Brigman, supra; T. C. I. & R. Co. v. Wheeler; 125 Ala. 538, 28 South. 38; Culver v. Carroll, 175 Ala. 469, 57 South. 767, Ann. Cas. 1914D, 103; 18 C. J. § 99, p. 203.

In Culver v. Carroll, 175 Ala. 469, 476, 477, 57 South. 767, 769, 770 (Ann. Cas. 1914D, 103), this court said:

"Perhaps the clearest and completest statement of the law on this subject is the following, by Dowling, J., in Osborne v. Eslinger, 155 Ind. 351, 360, 58 N. E. 439, 442, 80 Am. St. Rep. 240, 247: 'Where the claim of title rests upon the delivery of the deed to a third person, the deed must have been properly signed by the grantor, and delivered by him, or by his direction, unconditionally, to a third person for the use of the grantee, to be delivered by such person to the grantee, either presently, or at some future day, or upon some inevitable contingency, the grantor parting, and intending to part, with all dominion and control over it, and absolutely surrendering his possession and authority over the instrument, so that it would be the duty of the custodian or trustee for the grantee, on his behalf, and as his agent and trustee, to refuse to return the deed to the grantor, for any purpose, if demand should be made upon him. And there should be evidence beyond such delivery of the intent of the grantor to part with his title, and the control of the deed, and that such delivery is for the use of the grantee. If the deed is placed in the hands of a third person, as the agent, friend, or bailee of the grantor, for safe-keeping only, and not for delivery to the grantee; if the fact that the instrument is a deed is not made known to such third person, either at the time it is handed over, or at any time before the death of the grantor; if the name of the grantee, or other description of him, is not given; and if there is no evidence beyond the mere fact of such delivery of the intent of the grantor to part with his control over the instrument and his title to the land—then such transfer of the mere possession of the instrument does not constitute a delivery, and the instrument fails for want of execution.'"

[4, 5] The judgment of the trial court was based upon whether or not the deed was an escrow. The finding of fact and effect of the judgment was of delivery to the grantee, or to Mr. Jeter for the use of the grantee, that the purchase money was paid to him for the benefit and use of Mrs. Harris, to be applied to her debts and deposited to her credit or use, and that the balance thereof was checked out by the grantors. The testimony of Mr. Harris tended to show that the deed was to be delivered to Graves upon the performance by him of certain subsequent conditions as to the Jeter lots, while that for defendant tended to show the delivery of the deed to the cashier of the bank for the use of Graves, the grantee, was concurrent with the payment by him to that official of $1,000 for the use of Mrs. Harris. It was undisputed that it was agreed by the respective parties that the cashier would pay off or discharge the mortgagor's debt to the insurance company, return the canceled mortgage to Harris, and deposit the balance of the purchase money to the credit of Mr. Harris for the use of his wife. As to this, the contract was executed, the mortgage debt discharged, the balance of the purchase money was placed to the credit of the grantors and used by them. It is sufficient to say, as to the delivery of the deed, that there is direct conflict in the evidence for the respective and immediate parties to the transaction, and to this suit. The trial judge had the witnesses before him; his conclusion of fact will not be disturbed unless palpably erroneous; and we believe this is not the case. Hackett v. Cash; 196 Ala. 403, 72 South. 52. Had there been a wrongful delivery of the deed, if held in escrow, the course of conduct of appellant was such as amounted to a ratification of that delivery. It is well established that, if an escrow has been improperly obtained or delivered from the depositary, the grantor may ratify that delivery; that—

"Express ratification is unnecessary, but in its absence injury caused by the grantor's silence, when called upon to speak, acquiescence, or inaction, such as failing to take active measures to recover possession of the deed or to have the record expunged, must be shown before a ratification of wrongful delivery can be presumed against him from the facts. His conduct may be such as to create an estoppel in pais as to a bona fide purchase from the grantee. But a ratification, to be binding, must have been made with a full knowledge of all material facts. State v. Southwestern R. R. Co., 70 Ga. 11; De Vaughn v. McLeroy, 82 Ga. 687, 10 S. E. 211; Dixon v. Bristol Sav. Bank, 102 Ga. 461, 66 Am. St. Rep. 193, 31 S. E. 96; Mays v. Shields, 117 Ga. 814, 45 S. E. 68; Whitney v. Dewey, 10 Idaho, 633, 80 Pac. 1117, 69 L. R. A. 572; Haven v. Kramer, 41 Iowa, 382; Hoit v. McIntyre, 50 Minn. 466, 52 N. W. 918; Blight v. Schenck, 10 Pa. 285, 51

Am. Dec. 478; Reese v. Medlock, 27 Tex. 120, 84 Am. Dec. 611." Wilkins v. Somerville, 80 Vt. 48, 66 Atl. 893, 11 L. R. A. (N. S.) 1183, 130 Am. St. Rep. 906, 972.

There is analogy in the rule of guilty silence applied in Ivy v. Hood, 202 Ala. 121, 123, 79 South. 587; A. S. Knowles Dry Goods Co. v. Gunter, 204 Ala. 411, 414, 85 South. 735; Brooks v. Greil Bros. Co., 179 Ala. 459, 60 South. 389, Id., 202 Ala. 607, 81 South. 549.

Aside from the foregoing suggestion of estoppel, since the agreement of escrow was not in writing, it could only be shown by the parol testimony of the parties thereto, and that of Mr. Jeter, the individual with whom the deed was left, and to whom the disbursement of the $1,000 was intrusted, per agreement and instructions from grantors. Mr. Jeter being dead at the date of the trial, the issue on this point was concluded by the conflicting testimony of Harris and Graves and that of the respective parties.

After a careful consideration of all of the evidence, we are of opinion that the judgment of the circuit court should not be disturbed; and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.